### WOOD v. MATHEWS.

1. **Criminal Conversation:** DAMAGES FOR. In an action by the husband for damages for seducing and debauching his wife, whereby her affections have been alienated from him, the *gravamen* of the action is the alleged criminal conversation, and he cannot, if he fail to prove the criminal conversation, recover therein for the loss of her society, even though caused by defendant.

2. ———: ———: DIVORCE. An action of this kind may be maintained by the husband after a decree of divorce procured by the wife upon a cause of action accruing before the divorce was procured.

*Appeal from Delaware District Court.*

WEDNESDAY, DECEMBER 12.

THE petition in substance alleges that on the 1st day of September, 1874, the defendant, Lewis Mathews, wrongfully and wickedly debauched and carnally knew Mary H. Wood, she then being plaintiff's wife, by reason of which wrongful and wicked seducing and debauching the affection of plaintiffs' wife for him has been wholly alienated and destroyed, and the plaintiff has wholly lost the comfort, society and assistance of his wife. The answer denies these allegations of the petition. There was a jury trial, resulting in a verdict and judgment for plaintiff for $1,000. The defendant appeals.

*G. Wattson,* for appellant.

*J. Q. Wing,* for appellee.

DAY, CH. J. Upon the trial of the cause the court instructed the jury as follows: "9. If you should find from the evidence that the defendant was not guilty of adultery with Mary Wood, while she was the wife of the plaintiff, but that he had alienated the affections of the wife from the plaintiff, then defendant would still be liable to the plaintiff for that act in such amount as you deem proper, in the instructions aforesaid, for the loss of the affection and society of his wife, as well as the breaking of the domestic relations of the plaintiff, if such you

find the facts from the evidence." In the giving of this instruction there was error. It is clear from the petition that the *gravamen* of the action is the alleged *criminal conversation.* The alienation of the affections, and the loss of the comfort, society and assistance of the wife, are charged merely as the result and consequence of the debauching. It is true that at common law a husband may maintain an action for enticing away his wife and separating her from him, whereby he loses her services and society. *Hutcheson v. Peck*, 5 Johnson, 196; Field on Damages, Sec. 703, and cases cited. But this constitutes a cause of action altogether distinct from and independent of an action for criminal conversation. Appellee insists, however, that the allegation in the petition that defendant *debauched* plaintiff's wife imports that he led her astray, corrupted her, corrupted her affections, her conscience, her judgment, and that by reason of that the plaintiff was injured; and that a wife may be debauched, and yet the crime of adultery be not committed. Such is not the sense in which the term debauch is employed in law, nor is such its usual and ordinary acceptation. The term is employed in our statute in connection with the crime of seduction: "If any person seduce and debauch any unmarried woman of previously chaste character, he shall be punished by imprisonment in the penitentiary not more than five years." Code, § 3867. Can a person be sent to the penitentiary five years for corrupting the affections, the conscience and the judgment of an unmarried woman of previously chaste character? That such conduct would be very reprehensible *in foro conscientiæ*, no one can doubt, but it belongs to a domain into which penal statutes have not yet entered, and to one in which it is doubtful if they ever can profitably enter. Besides, if the word debauch here defines a wrong distinct from that of having carnal knowledge, the plaintiff has violated the rules of pleading by blending two distinct causes of action in one count. It is claimed, however, that the adultery is clearly proved, and that this instruction, if error, is error without prejudice, inasmuch as plaintiff is entitled to a verdict on the charge of *criminal conversation.* In this position of appellee we cannot concur. The criminal

conversation is not clearly proved. The most that can be said for the proof is that there is not such want of evidence as would justify the court in disturbing the verdict. The jury may not have found that any adultery was committed. They may have found for plaintiff simply upon the ground that defendant caused plaintiff's wife to separate herself from him. If so, two great wrongs have been done defendant. He has been mulcted in damages upon a charge not contained in the petition, and in such a way that he never can show that the jury did not find him to be an adulterer. The fourth, fifth and sixth instructions are also erroneous, in so far as they recognize the doctrine that in this action plaintiff may recover of the defendant for inducing plaintiff's wife to leave him.

II. The evidence shows that after the injuries complained of, and before this action was brought, the plaintiff's wife procured a divorce from him. The court instructed that this constitutes no defense to an action for damages against the defendant for any injuries which he may have sustained prior to the time of procuring the divorce. Appellant complains of the giving of this instruction. In it there is no error. Actions of this kind, after a decree of divorce, were maintained in *Dickerman v. Graves*, 6 Cushing, 308, and in *Ratcliff v. Wales*, 1 Hill, 63.

For the error above considered, the judgment is

REVERSED.