JOE DUFF, Appellant, v. WAYNE HENDERSON, Appellee.

**HUSBAND AND WIFE:** Divorce as Bar to Action for Alienation. A husband who is divorced from his wife for *his* fault, may not thereafter maintain an action for damages consequent upon the alienation of the affections of his former wife, or consequent upon the sexual debauchment of said former wife.

STEVENS and FAVILLE, JJ., dissent.

*Appeal from Page District Court.*—E. B. WOODRUFF, Judge.

JUNE 25, 1921.

ACTION in two counts: one for alienation of affections and one for criminal conversation. The answer alleged that plaintiff and his wife had since been divorced, at the instance of the wife. A demurrer to the allegations of the answer was overruled. Plaintiff elected to stand on his demurrer, and judgment was entered accordingly, and plaintiff appeals.—*Affirmed.*

*Ferguson, Barnes & Ferguson* and *L. R. Forsyth,* for appellant.

*Thornell & Thornell* and *W. E. Mitchell,* for appellee.

FAVILLE, J.—I. The appellant's petition is in two counts. In one count, he seeks to recover damages from the appellee for alienation of the affections of appellant's wife. In a separate count of his petition, the appellant seeks to recover for damages for criminal conversation between the appellee and appellant's wife. The appellee answered the said counts of the petition by alleging that the appellant was barred and estopped, under Section 3181 of the Code, from maintaining either of said alleged causes of action, for the reason that, after the alleged causes of action arose, the appellant's then wife obtained a divorce from the appellant. A demurrer to the allegations of the answer was overruled.

Section 3181 of the Code provides:

"When a divorce is decreed the guilty party forfeits all rights acquired by the marriage."

In *Hamilton v. McNeill*, 150 Iowa 470, we held that Section 3181 of the Code was a full and complete bar to the right of a husband to recover for alienation of his wife's affections, where the wife subsequently obtained a divorce from her husband.

In *Wood v. Mathews*, 47 Iowa 409, we held, in an action for criminal conversation, where the plaintiff's wife had procured a divorce from him, that this constituted no defense to an action for damages for the injuries sustained prior to the time of procuring the divorce. *Wood v. Mathews* was considered by the court in *Hamilton v. McNeill*, and in the majority opinion it was said:

"We think, however, that we are not called upon at the present time to say whether the *Wood* case should be overruled. As before indicated, the present action is not an action for criminal conversation. The case presented by the petition is one of simple alienation, by alleged acts and arts not in themselves criminal. Such an action is essentially different in its nature from an action for criminal conversation, although both contain some elements in common."

We are squarely confronted with the proposition that we are compelled, in the instant case, to overrule either *Hamilton v. McNeill* or *Wood v. Mathews*. If *Hamilton v. McNeill* is followed, then the procuring of a divorce by the appellant's wife was a complete bar to appellant's right to recover against the appellee for alienation of his wife's affections. If *Wood v. Mathews* is to be followed, then the appellant is not barred, by reason of the wife's procuring a divorce from him, from maintaining a cause of action against the appellee for criminal conversation with his wife.

A majority of the court are of the opinion that the majority opinion in the case of *Hamilton v. McNeill* should be adhered to, and that the obtaining of a divorce by the appellant's wife is a complete bar to his right to maintain an action for the alienation of the affections of his wife, under the provisions of Section 3181 of the Code. The argument pro and con is so fully set forth in the majority opinion and in the dissenting opinion in said case that it is deemed unnecessary to further discuss the

proposition. The views expressed by the present Chief Justice Evans in the majority opinion in said case are in accord with the views of the majority of the court, as now constituted.

We now hold that the obtaining of a divorce by the appellant's wife from the appellant is a complete bar to the appellant's right to maintain a cause of action against the appellee for the alienation of his wife's affections, and it therefore follows that the demurrer of the appellant to the answer of the appellee, pleading the obtaining of such divorce as a bar to the appellant's right of action on the count charging alienation of affections, was properly overruled.

II.   The majority of the court are of the opinion that *Wood v. Mathews* should be overruled, and that the obtaining of a divorce is a bar to the right of a husband to maintain an action for criminal conversation. It therefore follows that the demurrer of the appellant to the answer of the appellee, pleading the obtaining of a divorce by appellant's wife as a bar to the appellant's right to maintain an action for criminal conversation, was properly overruled. The court now holds that the appellant cannot maintain an action against the appellee for either alienation of his wife's affections or for criminal conversation, and the fact that appellant's wife obtained a divorce from him subsequent to the acts complained of is a complete bar to the right of the appellant to maintain either of said causes of action.

The writer of this opinion dissents from the conclusion of the majority, as expressed herein. I think that *Hamilton v. McNeill* is wrong, and should be overruled, and that the dissenting opinion of Mr. Justice Deemer in that case is correct. I also think that *Wood v. Mathews* should be followed, instead of being overruled. Mr. Justice Stevens joins in this dissent, both as to the overruling of *Hamilton v. McNeill* and the following of *Wood v. Mathews*.

The majority holding to the contrary, it necessarily follows that the judgment of the district court must be affirmed.— *Affirmed.*

EVANS, C. J., WEAVER, PRESTON, ARTHUR, and DE GRAFF, JJ., concur.

STEVENS and FAVILLE, JJ., dissent.