PETER JACOBSEN, appellant, v. LOUIS N. SANER, appellee.

No. 48806.

(Reported in 72 N.W.2d 900)

192

November 15, 1955.

W. B. Perry, of Storm Lake, for appellant.

Pendleton & Pendleton, of Storm Lake, for appellee.

Hays, J.—Appeal from a judgment sustaining defendant's motion to dismiss plaintiff's petition.

The petition asks damages from defendant for alleged alienation of affections of plaintiff's ex-wife. It alleges that plaintiff and Josephine Jacobsen were married in 1924, and resided in Minnesota. Due to alleged acts of Saner, while he was living in Minnesota, Josephine Jacobsen was induced to file divorce proceedings, and later she obtained a default decree in Lincoln County, Minnesota. Defendant is now a resident of Buena Vista County, Iowa, where this action was brought. Defendant's motion to dismiss alleges that said petition fails to state a cause of action under section 598.16, Code of 1954.

Section 598.16 provides: "When a divorce is de-

creed the guilty party forfeits all rights acquired by marriage."
We have held that, under this section, the guilty party is barred
from prosecuting an action for alienation of affections. Hamil-
ton v. McNeill, 150 Iowa 470, 129 N.W. 480, Ann. Cas. 1912D
604; Duff v. Henderson, 191 Iowa 819, 183 N.W. 475. See also
annotation 20 A. L. R. 943. Both cited cases involve Iowa decrees.
Plaintiff asserts the rule announced therein has no application
to a decree granted in a state where such an action is recognized.
While plaintiff has not pleaded the Minnesota law as required
by rule 94, R. C. P., it is inconsequential, since the trial court
stated, with apparent approval of both parties: "For the pur-
pose of this ruling it is conceded, I believe, that Minnesota does
not follow this rule." We proceed on this assumption.

Plaintiff concedes that had the divorce decree been entered
by an Iowa court the holding in above cited cases would bar his
action in the Iowa courts. He asserts, however, that comity be-
tween states requires the Iowa courts to recognize his cause of
action; it being available to him in Minnesota, where the alleged
tort was committed. We find no merit in this contention.

Comity is merely a principle in accordance with which
the courts of one state will give effect to the laws and judicial
decisions of another, not as a matter of right but out of defer-
ence and respect. As is said in Russian Socialist Federated
Soviet Republic v. Cibrario, 235 N. Y. 255, 259, 139 N.E. 259,
261: "The use of the word 'comity' as expressing the basis of
jurisdiction has been criticized. It is, however, a mere question
of definition. The principles lying behind the words are rec-
ognized. * * * The truth remains that jurisdiction depends upon
the law of the forum and this law in turn depends upon the
public policy disclosed by the acts and declarations of the polit-
ical departments of the government." See also Redfern v. Red-
fern, 212 Iowa 454, 236 N.W. 399.

It is a fundamental and well-established rule that no
action may be maintained upon a cause of action created in
another state, the enforcement of which is contrary to the strong
public policy of the forum. Restatement of the Law, Conflict
of Laws, section 612; 15 C. J. S., Conflict of Laws, section 4;
Farmers & Merchants Nat. Bk. v. Anderson, 216 Iowa 988, 250
N.W. 214; Kingery v. Donnell, 222 Iowa 241, 268 N.W. 617. In

the latter case it is said at page 245 of 222 Iowa, page 619 of 268 N.W.: " 'While it is well recognized that the statutes of another state have no extraterritorial force, yet rights acquired there- under will always, in comity, be enforced if not against the public policy of the laws of the state where redress is sought.' "

By the enactment of section 598.16, Code of 1954, our legislature, under the construction given said section by this court in the Hamilton and Duff cases above-cited, has in effect said: Where a party has been found to be the guilty or offend- ing party in a divorce proceeding, the courts of this state are not available to him in an attempt to recover damages for the al- leged alienation of affection of the other party in the divorce proceeding. It is a clear and positive statement of the public policy of the state, and the "comity" rule is not applicable. To say, as plaintiff would have us say, that such rule is limited only to Iowa divorce decrees, would be granting a forum to nonresi- dents that is denied to our own residents. We are not prepared to accept this limited version of said section 598.16. See Dorr Cattle Co. v. Des Moines Nat. Bk., 127 Iowa 153, 98 N.W. 918, 102 N.W. 836, 4 Ann. Cas. 519.

Plaintiff cites Luick v. Arends, 21 N. D. 614, 638, 132 N.W. 353, 362. We are unable to find support therein for his conten- tion. Plaintiff and his wife resided in North Dakota. He com- menced suit against defendant for the alienation of his wife's affections. The wife came to Iowa, established a residence, and obtained a divorce. The defendant contended that section 598.16, Code of Iowa, barred the action in North Dakota. The court re- fused to consider the Iowa statute, holding that the local laws as to both substance and remedy governed. It said: "This is not a case * * * where a resident of Iowa has invoked the privi- leges of our courts in the enforcement of an action for damages." So far as a question of conflict of laws is concerned, the case im- pliedly holds that where no substantive right accrues in the state where the alleged tort occurred, such rights may not be at- tained by an action in another state, where a similar tort creates a right. Such is not the instant case.

Finding no error the judgment of the trial court is af- firmed.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.