Charles R. LUNDBERG, Appellee,

v.

James G. ALLEN, Appellant.

No. 54055.

Supreme Court of Iowa.

May 5, 1970.

Thomas L. McCullough, Sac City, and Russell Wunschel, Carroll, for appellant.

McCarville, Bennett & Ferguson, Fort Dodge, for appellee.

LARSON, Justice.

This is an interlocutory appeal from a refusal to dismiss and an adjudication by the trial court under rule 105, Rules of Civil Procedure, that under the facts of this case section 598.16 of the 1966 Code did not bar

plaintiff's action for damages for alienation of affection of plaintiff's former wife.

I. Section 598.16 provides: "When a divorce is decreed the guilty party forfeits all rights acquired by marriage." Since the decision rendered in Hamilton v. McNeill, 150 Iowa 470, 129 N.W. 480, this court has consistently held that under this section the guilty party is barred from prosecuting an action for alienation of affection. Duff v. Henderson, 191 Iowa 819, 183 N.W. 475; Jacobsen v. Saner, 247 Iowa 191, 72 N.W.2d 900. Also see annotation, 20 A.L.R. 943.

In the Hamilton case, supra, decided in 1911, under the same statutory provision the issue was extensively considered and a majority of the court concluded the policy announced therein was all inclusive and barred the action even though the tort against the aggrieved party was committed prior to the divorce. Although two dissents appear in Duff, supra, the opinion reviewed and adhered to the pronouncement in Hamilton.

In Jacobsen v. Saner, supra, at page 194 of 247 Iowa, at page 901 of 72 N.W.2d, we said: "By the enactment of section 598.16, Code of 1954, I.C.A., our legislature, under the construction given said Section by this court in the Hamilton and Duff cases above cited, has in effect said: Where a party has been found to be the guilty or offending party in a divorce proceeding, the courts of this state are not available to him in an attempt to recover damages for the alleged alienation of affection of the other party in the divorce proceeding. It is a clear and positive statement of the public policy of the state, * * *." There were no dissents from that conclusion and we are not persuaded that this announced construction and policy should at this late hour be altered. With our new termination of marriage relationship law effective July 1, 1970, known as House File 1156, Acts of the Sixty-Third General Assembly, the problem here presented will not reappear.

II. Appellee contends under the special circumstances of this case the provisions of section 598.16 should not apply. The trial court fell into error in trying to find a basis for the conclusion that plaintiff was not the guilty party, but that plaintiff's former wife was. The difficulty in that position is that in plaintiff's motion to set aside the original divorce decree on the ground it was obtained by equitable fraud, the trial court refused to do so, although it did find equitable fraud was established "in obtaining the stipulation and the uncontested divorce * * *." Thus, the adjudication that defendant (plaintiff here) was the guilty party must stand. In this connection we note this court in Lundberg v. Lundberg, Iowa, 169 N.W.2d 815, 818, considered the same equitable fraud contention and, in interpreting the trial court's decree, said: "As we read the (supplemental) decree the trial court was not so much concerned with the rights of Mr. Allen, * * * as it was with the welfare of the children." In dismissing that appeal we observed that the trial court concluded "the fraud shown was not such as to justify setting aside the decree or substantially changing the custodial provisions." In any event, the adjudication that plaintiff was the guilty party in the divorce proceedings between him and his spouse cannot be redetermined in an action for alienation of affection, even though we cannot condone the defendant's alleged conduct with plaintiff's former wife.

III. Concluding, as we must, that under this record plaintiff stands as the guilty or offending party, the provisions of section 598.16 bar this action for alienation of his former wife's affection and the trial court erred in failing to so hold. The matter must be remanded with instructions to dismiss plaintiff's petition herein.

Reversed and remanded.

All Justices concur, except BECKER, J., who dissents, and UHLENHOPP, J., who takes no part.