**Darrell D. Van ELLEN, Appellant,**

v.

**Wendell Dean MEYER, Appellee.**

**No. 55604.**

Supreme Court of Iowa.

May 23, 1973.

Shepard & Shepard, Allison, for appellant.

David R. Nagle, Evansdale, for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

The sole issue raised here by plaintiff's appeal is whether the right to bring an action for alienation of affections is barred, under section 598.20, Code, 1971, by a decree of dissolution of marriage absent a reservation of right to bring such an action in the dissolution decree.

Plaintiff-appellant, Darrell D. Van Ellen, and his wife Linda K., were married December 20, 1963. On January 7, 1972, this marriage was dissolved on the wife's petition. Following dissolution Darrell filed an action for damages against defendant, Wendell Dean Meyer, for alleged alienation of Linda's affections.

Defendant filed a motion to dismiss plaintiff's petition on the ground it failed to plead a cause of action on which any relief could be granted. On submission of the motion the parties by stipulation made the dissolution decree a part of the record. It included no reservation to plaintiff of any right or claim of alienation of affections.

The trial court relied on our holdings in Hamilton v. McNeill, 150 Iowa 470, 129 N.W. 480 (1911) and Duff v. Henderson, 191 Iowa 819, 183 N.W. 475 (1921) that a right of action for damages for alienation of affections is a "right acquired by the marriage" and sustained defendant's motion to dismiss.

As early as 1851 and until July 1, 1970 our divorce laws included this statute: "When a divorce is decreed the guilty party forfeits all rights acquired by marriage."

In reference to this statute (then Code section 3181) in Hamilton v. McNeill, supra, 150 Iowa at 474, 129 N.W. at 481, this court said:

"We think it must be said that plaintiff's right if any, to maintain this action, (alienation of affections), is necessarily a right 'acquired by the marriage.' The cause of action is one which could arise only out of and by virtue of the marriage relation. On the face of the statute, therefore, the plaintiff, having been adjudged in the divorce decree to be the guilty party, forfeited 'all rights acquired by the marriage.' (Citations)."

Several of our later cases cite and apply this interpretation of the statute. In Duff v. Henderson, supra, 191 Iowa 819, 183 N.W. 475 (1921) we broadened the rule to also bar actions for criminal conversation. In Jacobsen v. Saner, 247 Iowa 191, 72 N.W.2d 900 (1955) we applied the statute and the Hamilton holding where the divorce had been granted in Minnesota. See also Allen v. Lindeman, 259 Iowa 1384, 148 N.W.2d 610 (1967) and Lundberg v. Allen, Iowa, 176 N.W.2d 775 (1970) both of which cite with approval Hamilton, Duff and Jacobsen.

Since these cases, however, a new termination of marriage law has been enacted as House File 1156, Acts of the Sixty-Third General Assembly. It became effective July 1, 1970 and is now chapter 598, The Code, 1973. The fault concept is eliminated as a standard for granting dissolution of a marital relationship. In Re Marriage of Tjaden, Iowa, 199 N.W.2d 475, 477

(1972); In Re Marriage of Williams, Iowa, 199 N.W.2d 339, 344 (1972).

As relevant here Code section 598.20 provides: "When a dissolution is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree. * * *."

Plaintiff-appellant argues our established rule that the right to maintain an action for alienation of affections is a right acquired by marriage is contrary to the general rule in a majority of other jurisdictions and with the advent of the no fault concept it should no longer be followed. Like the trial court we do not agree.

It must be noted our new statute contains practically the same language as that previously used except it omits "guilty party" and substitutes "the parties." The legislature continued to use "all rights acquired by marriage."

The general rule regarding legislative adoption of judicial interpretation is thus stated in 50 Am.Jur., Statutes, section 442, page 461:

"Since it may be presumed that the legislature knew a construction, long acquiesced in, which had been given by the courts to a statute re-enacted by the legislature, there is a presumption of an intention to adopt the construction as well as the language of the prior enactment. It is accordingly a settled rule of statutory construction that when a statute or a clause or provision thereof has been construed by a court of last resort, and the same is substantially re-enacted, the legislature may be regarded as adopting such construction. * * *."

For a like statement of the general rule see 82 C.J.S. Statutes § 370b, page 848. We recognize and apply it in Iowa-Des Moines Bk. v. Alta Casa Inv. Co., 222 Iowa 712, 715, 269 N.W. 798, 800 (1936) and State v. Bevins, 210 Iowa 1031, 1043, 230 N.W. 865, 871 (1930).

We are not inclined to overrule our several opinions, commencing with Hamilton v. McNeill, supra, in 1911, which hold the right of action for alienation of affections is "a right 'acquired by the marriage.'"

The trial court's ruling was correct.

Affirmed.