J. Norton GILTNER, Appellee,

v.

Joseph S. STARK, Appellant.

No. 2–58135.

Supreme Court of Iowa.

April 20, 1977.

Bailey C. Webber, Ottumwa, for appellant.

Thomas M. Walter, of Barnes, Schlegel & Walter, Ottumwa, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant appeals district court dismissal of his petition to vacate plaintiff's judgment against him for alienation of affections and criminal conversation. We affirm.

The procedural background giving rise to issues here presented is uncomplicated and can be briefly summarized as follows: On February 22, 1972 judgment on jury verdict for $60,000 was entered in favor of plaintiff Giltner and against defendant Stark for engaging in criminal conversation with Giltner's wife Carolyn and also for alienating her affections. The judgment was appealed to this court and affirmed on June 26, 1974 in *Giltner v. Stark*, Iowa, 219 N.W.2d 700.

Prior to judgment in the aforementioned suit, Giltner's wife had filed a petition for dissolution of marriage on July 27, 1971. On April 18, 1972, subsequent to the date of judgment and while the appeal was pending, a decree was entered dissolving the Giltner's marriage of thirteen years. No provision was made in this decree preserving plaintiff Giltner's right to the $60,000 judgment.

Thereafter on February 21, 1973, Stark filed a petition to vacate Giltner's judgment pursuant to rule 252, Rules of Civil Procedure, alleging the dissolution constituted newly discovered material evidence which had occurred since the date of judgment. The basis of the motion was that Giltner did not obtain any right under the judgment because it was a right acquired by marriage not preserved in the decree and thus was forfeited under Code section 598.-20.

Giltner filed a motion to dismiss the petition pursuant to rule 104(b), R.C.P., alleging, inter alia, it failed to properly allege the "newly discovered evidence" was not discoverable within the time for moving for a new trial under rule 244, R.C.P. (10 days) and the evidence of the subsequently entered decree was not material. After hearing, the trial court sustained the motion and dismissed the petition on January 15, 1975. This appeal followed.

I. At the outset it is essential we reiterate several pertinent principles by which trial courts are guided in ruling upon a motion to dismiss.

A motion to dismiss a petition should be sustained only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any statement of facts which could be proved in support of the claim asserted. *Bowen v. Kaplan*, Iowa, 237 N.W.2d 799, 801; *Domain Industries v. First Sec. Bank & Trust*, 230 N.W.2d 165, 166 and citations.

The grant or denial of a motion to dismiss is not discretionary but must be determined upon sound legal grounds. *Ambrose v. Harrison Mutual Insurance Association*, 206 N.W.2d 683, 684; *Newton v.*

*Grundy Center,* 246 Iowa 916, 919, 70 N.W.2d 162, 163, 164.

■ A motion to dismiss may properly be used to assail a petition to vacate. *Dragstra v. Northwestern State Bank of Orange City,* Iowa, 192 N.W.2d 786, 787; *Kirby v. Holman,* 238 Iowa 355, 376, 25 N.W.2d 664, 675.

■ Before applying these general principles to the record herein, we express our disapproval of the trial court's sustaining the motion generally and not setting out specific rulings as mandated by rule 118, R.C.P. However, no remand is required where it clearly appears on the face of the petition that the pleader has not stated a cause of action. *Melsha v. Tribune Pub. Co.,* 243 Iowa 350, 354, 51 N.W.2d 425, 428. See also *Turner v. Thorp Credit, Inc.,* Iowa, 228 N.W.2d 85, 87.

■ II. Defendant-appellant brought his action to vacate and relies on the provisions of rule 252(f) R.C.P. It is identical to rule 244(g) which relates to a motion for new trial based on newly discovered evidence, with the exception of the one-year filing period provided therein. Thus our cases interpreting the meaning and requirements of rule 244 may properly be considered here.

As pertinent here, rule 252(f) provides:

"Upon timely petition and notice under rule 253 the court may * * * vacate * * * a final judgment or order, or grant a new trial on any of the following grounds:

" * * *

"(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under rule 244."

Defendant contends plaintiff's judgment was a right incident to marriage and that the dissolution of plaintiff's marriage after the judgment, with no provision in the dissolution decree preserving the judgment, ended plaintiff's right to the judgment. He relies heavily on *Van Ellen v. Meyer,* Iowa, 207 N.W.2d 552, 554, where we interpreted for the first time Code section 598.20, which provides in part:

"When a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree."

In *Van Ellen v. Meyer,* supra, plaintiff's action for alienation of affections was commenced after entry of a dissolution of marriage decree which failed to specifically reserve the "right of action." We held a "right of action" for alienation of affections is a right acquired by marriage which is forfeited absent preservation in the dissolution decree.

Plaintiff argues his judgment was an adjudication and no longer a "right of action." We agree.

■ The term "right of action" or "cause of action" has been defined by this court as the act on the part of the defendant which gives the plaintiff his "cause of complaint." *Blakeley v. Estate of Shortal,* 236 Iowa 787, 790, 791, 20 N.W.2d 28, 30. That is, there must be legal right in plaintiff, a corresponding duty on the part of defendant and an attendant breach of that duty with resultant harm to plaintiff, *Meester v. Roose,* 259 Iowa 357, 359, 144 N.W.2d 274, 275; *Cahill v. Railway Co,* 137 Iowa 577, 580, 115 N.W. 216, 221; 1 C.J.S. Actions § 8(e) at pages 984, 985. Additionally we have said the term "right" connotes the capacity of asserting a legally enforceable claim. *Schmitt v. Jenkins Truck Lines, Inc.,* 260 Iowa 556, 561, 149 N.W.2d 789, 792.

■ However, once a judgment is entered on an action it is by definition a "final adjudication of any rights of the parties" in the action. Rule 219, R.C.P.; *Moreno v. Vietor,* 261 Iowa 806, 812, 156 N.W.2d 305, 309; *In re Estate of Lee,* 240 Iowa 691, 697, 37 N.W.2d 296, 299. The judgment operates as the "judicial act which settles the issues, fixes the rights and liabilities of the

parties and determines the proceeding." 49 C.J.S. Judgments § 2 at page 26.

 We hold there need be no reservation of the "right acquired by marriage" once a judgment is entered in favor of the aggrieved party prior to the dissolution decree.

Our holding is dispositive of this appeal. Other contentions and arguments have been considered but need not be discussed and decided. It is clear defendant's petition to vacate failed to state a claim upon which relief could be granted.

The dismissal order of the lower court is—AFFIRMED.