**Carl MICHAEL and Marilyn I. Michael, Appellants,**

v.

**HARRISON COUNTY RURAL ELECTRIC COOPERATIVE, Appellee.**

**HARRISON COUNTY RURAL ELECTRIC COOPERATIVE, Third-Party Plaintiff,**

v.

**HARRISON COUNTY and Gerald Withem, Third-Party Defendants.**

No. 2–64070.

Supreme Court of Iowa.

May 21, 1980.

Martin E. Spellman of Spellman, Spellman, Spellman & Spellman, Perry, and James R. Welsh of Welsh, Sibbernsen & Bowen, Omaha, Neb., for appellants.

James A. Giles, Robert M. Holliday and John T. Ward of Wasker, Sullivan & Ward, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and REES, UHLENHOPP, ALLBEE, and McGIVERIN, JJ.

ALLBEE, Justice.

Plaintiffs appeal from the judgment entered on an adverse jury verdict in their tort action arising out of injuries suffered by plaintiff Carl Michael when a dragline came in contact with defendant's high voltage, overhead electrical transmission line. Plaintiff Marilyn I. Michael's claim is based on loss of consortium.

The accident occurred on February 27, 1976, while Carl was working as a member of a Harrison County Road Department crew engaged in the repair of a bridge located northwest of Woodbine. A dragline was being used to lift and set steel beams in place on the bridge. Carl, working from a ground-level position, was guiding a beam into place when the dragline came in contact with the overhead transmission line. As a result, Carl was severely and permanently injured by electrical current.

I. Plaintiffs first contend that trial court abused its discretion in denying their motion for a continuance of the trial assigned to begin on July 24, 1979. That motion asked that the trial be continued, as it had been once before in April 1979, because of recent open heart surgery of a witness, Leland Ray Isaacs, and his resulting inability to withstand the stress of giving evidence at trial. Plaintiffs argued, *inter alia*, that the evidence sought from Isaacs, a lineman-employee of defendant, was critical to their case, that Isaacs's discovery deposition testimony was not sufficient for the effective presentation of their evidence, that plaintiffs needed to confront Isaacs with documents and evidence that had come to light since the taking of his deposition, and that Isaacs was an unwilling and hostile witness whose demeanor in response to interrogation should be observed by the jury in order to assess his credibility.

For us to find an abuse of discretion in a trial court ruling, it must be shown by the complaining party that the trial court's action was unreasonable under the attendant circumstances. *State v. Cott*, 283 N.W.2d 324, 329 (Iowa 1979). We note, too, that discretionary rulings, such as the one here, are presumptively correct and complainant has a heavy burden to overcome the presumption of regularity. *See State v. Gartin*, 271 N.W.2d 902, 910–11 (Iowa 1978) (quoting Dunahoo, *The Scope of Judicial Discretion in the Iowa Criminal Trial Process*, 58 Iowa L.Rev. 1023, 1024 (1973)). Ordinarily, an abuse is found to exist only where there is no support in the record for the trial judge's determination. *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972). Finally, we have said concerning rulings on motions for continuance that "trial courts are accorded broad discretion and absent clearly shown abuse thereof we will not interfere." *Madison Silos, Division of Martin Marietta Corp. v. Wassom*, 215 N.W.2d 494, 498 (Iowa 1974); *see* Iowa R.Civ.P. 183(a).

In light of the persuasive reasons for a continuance advanced by plaintiffs, the question of whether a continuance should have been granted is close. Trial court would not have abused its discretion if it had allowed a continuance. On the other hand, under principles enunciated in our

prior decisions, we are unable to say that trial court's denial of plaintiffs' motion for a continuance was unreasonable under the attendant circumstances. We do find support in the record for its ruling.

Trial court, in ruling on the motion, considered both the availability of Isaacs's testimony by virtue of the earlier taking of his discovery deposition and the opportunity of plaintiffs' attorneys to cross-examine Isaacs at that time, which they did at length. Trial court also noted that this case was then pending under the constraints of Iowa R.Civ.P. 215.1. In addition, we observe that there was no definitive showing of when in the future Isaacs would likely have been physically able to testify. Moreover, the value of Isaacs's physical presence for observation by the jury of his demeanor when testifying and plaintiffs' need for further cross-examination, are both, under this record, rather speculative. Consequently, there has not been a clear showing of abuse of judicial discretion in the denial of a continuance of the trial of this case.

■ II. The remaining issues presented by plaintiffs relate only to Marilyn I. Michael's loss of consortium claim. We do not reach those issues, however, because defendant has raised and briefed as a ground for affirmance its entitlement to a directed verdict on Marilyn's claim. Although defendant did not cross appeal, we must consider this ground for affirmance because "it is well established that a successful party without appealing or assigning errors may show on the face of the record he is entitled to prevail on an issue on appeal because of error committed against him, even though error was also committed against the appellant." In re Estate of Poulos, 229 N.W.2d 721, 725 (Iowa 1975) (citations omitted).

■ At trial it was shown that plaintiffs were divorced during the pendency of this case. Less than a minute after all parties to the action had rested, defendant sought to reopen the case in order to place in evidence plaintiffs' original dissolution of marriage decree. Defendant's counsel cited their oversight in resting prior to making the offer of this item of evidence. Trial

court, in the proper exercise of its discretion, reopened the evidence for this purpose. See Anderson v. City of Council Bluffs, 195 N.W.2d 373, 378 (Iowa 1972) (trial court enjoys a wide discretion in reopening a case for the reception of additional evidence); Iowa R.Civ.P. 192.

Defendant next moved for a directed verdict in its favor on Marilyn's loss of consortium claim. The motion was predicated upon the failure of the dissolution decree to preserve Marilyn's right to maintain her consortium claim. It asserted that, as a consequence, her claim was precluded by virtue of section 598.20, The Code, which provides in part material here that "[w]hen a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree."

We have previously held that the right to maintain an action for alienation of affections is a "right acquired by marriage" under the statutory predecessor to section 598.20. Hamilton v. McNeill, 150 Iowa 470, 474, 129 N.W. 480, 481 (1911). Consequently, the entry of a dissolution decree which fails to preserve the right to maintain an alienation of affections action results in its forfeiture. E. g., Bearbower v. Merry, 266 N.W.2d 128, 130 (Iowa 1978); Van Ellen v. Meyer, 207 N.W.2d 552 (Iowa 1973). The gravamen of the action for alienation of affections is the loss of consortium. Acuff v. Schmit, 248 Iowa 272, 276, 78 N.W.2d 480, 483 (1956). It logically follows that the rule requiring preservation of an alienation of affections action in a dissolution decree applies with equal force to actions by one spouse for the loss of consortium arising out of personal injury to the other spouse during the marital relationship.

■ These principles lead us to conclude that Marilyn's right of action against defendant for loss of consortium during her marriage with Carl was forfeited when the final dissolution of marriage decree was entered without specifically preserving in the decree that cause of action. Thus, trial court erred in not directing a verdict for defendant on Marilyn's consortium claim.

AFFIRMED.