**Robert H. OHLEN, Appellant,**

v.

**Lynn HARRIMAN, Appellee.**

No. 63833.

Supreme Court of Iowa.

Sept. 17, 1980.

Morris L. Eckhart of Milroy & Eckhart, Vinton, for appellant.

Michael J. Galligan of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellee.

Gary R. Hassell of Roehrick, Lavorato, Schuster, Sullins & Hassel, Des Moines, as amicus curiae.

Considered by REYNOLDSON, C. J., LeGRAND, HARRIS, McCORMICK and LARSON, JJ.

LARSON, Justice.

Plaintiff Robert Ohlen appeals from summary judgment on his claims for alienation of affections and criminal conversation [1]

---

1. In *Bearbower v. Merry*, 266 N.W.2d 128, 135 (Iowa 1978) the Court abolished the tort of

criminal conversation for conduct occurring after January 1, 1978. Therefore, because the

against defendant Lynn Harriman. Two issues are raised: (1) whether the appellee is barred from seeking relief through summary judgment because a prior motion to dismiss was denied by the trial court on the grounds of untimeliness; and (2) whether section 598.20, The Code, permits a plaintiff to maintain an action for alienation of affections when the petition was filed prior to a decree of dissolution not specifically reserving to the plaintiff the right to bring such action. We resolve both issues against the appellant and affirm the trial court.

On August 17, 1977, Doris Ohlen filed a petition for dissolution of her marriage to Robert Ohlen in the District Court for Iowa County. The action proceeded to trial on September 25, 1978. In the meantime, on September 19, Robert Ohlen filed the present petition in the same district court. The appellee, on October 4, filed his answer, which in effect amounted to a general denial. Thereafter, on November 20, the trial court in the dissolution action prepared and executed findings of fact and conclusions of law, and a decree was entered on November 21 dissolving the marriage. However, the decree made no mention of a right of Robert Ohlen to bring or maintain an action for alienation of affections.

The appellee then filed a motion to dismiss the petition on the ground that the dissolution decree failed to preserve the appellant's cause of action, as required by section 598.20. The trial court denied the motion because Iowa R.Civ.P. 104 provides that a motion to dismiss for failure to state a claim on which any relief can be granted must be filed before answer. *See Riediger v. Maryland Development Corp.*, 253 N.W.2d 915, 916 (Iowa 1977). This denial prompted the appellee to amend his answer to raise the defense of the appellant's failure under section 598.20 to preserve his right of action. The appellee then filed a motion for summary judgment. The trial court granted the motion, holding that it was not barred by the earlier motion to dismiss, and

that, because the appellant did not preserve his right of action in the dissolution decree, such action was barred.

As a preliminary matter, both of the issues presented appear to be proper subjects for summary judgment adjudication, Iowa R.Civ.P. 237, because "the only dispute relates to the legal consequences flowing from undisputed facts." *Eastern Iowa Cablevision v. City of Iowa City*, 272 N.W.2d 413, 416 (Iowa 1978) (citations omitted).

■ I. The appellant urges the Court to broadly read the recent decision in *Poole v. Putensen*, 274 N.W.2d 277 (Iowa 1979). He construes *Poole* to stand for the proposition that a motion may not have as its basis a ground set forth in a prior and overruled motion to dismiss. The appellant's construction of *Poole* is without support; and, in any event, Iowa R.Civ.P. 237 provides the mechanics for summary judgment. Subsection (b) provides that a defendant "may at any time, move with or without supporting affidavits for a summary judgment in his favor. . . ." No limitation on this provision is pertinent here. Moreover, Iowa R.Civ.P. 110 states:

No pleading shall be held sufficient for failure to move or strike or dismiss it. If such motion is filed and overruled, error in such ruling is not waived by pleading over or proceeding further; and the moving party may always question the sufficiency of the pleading during subsequent proceedings.

Applying Rule 110 to the present circumstances, "[t]he legal proposition rejected by the trial court on the motion to dismiss could be properly presented to the trial court again." *Gigilos v. Stavropoulos*, 204 N.W.2d 619, 622 (Iowa 1978).

■ II. Section 598.20, The Code, provides:

When a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not spe-

---

petition alleges that the appellee's wrongdoing occurred sometime prior to July, 1977, the claim for criminal conversation is not barred on

the basis of *Bearbower*. For purposes of this decision, we refer to both claims under the phrase "alienation of affections."

cifically preserved in the decree. . .

It is well established that a cause of action for alienation of affections is a "right acquired by marriage." *See Bearbower v. Merry*, 266 N.W.2d 128, 130 (1978); *Van Ellen v. Meyer*, 207 N.W.2d 552 (Iowa 1973); *Lundberg v. Allen*, 176 N.W.2d 775 (1970); *Jacobsen v. Saner*, 247 Iowa 191, 72 N.W.2d 900 (1955); *Duff v. Henderson*, 191 Iowa 819, 183 N.W. 475 (1921); *Annot., Divorce or Separation Decree–Effect*, 96 A.L.R.2d 903, 922–23 (1964). Accordingly, we must decide whether the appellant's right of action in this instance was preserved in accordance with the terms of the statute.

The appellee argues that section 598.20 should be read literally, and that rights acquired by the marriage are forfeited when the marriage is dissolved unless preserved in the decree. Accordingly, he argues the action is barred by the appellant's failure to comply with the express statutory procedure. Conversely, the appellant argues that a right of action may be preserved either by complying with the statutory requirement or by filing of suit prior to the entry of the dissolution decree.

*Giltner v. Stark*, 252 N.W.2d 743 (Iowa 1977) is inapposite as support for the appellant's contention that section 598.20 provides a disjunctive procedure in preserving a right of action. In *Giltner*, the Court addressed the issue whether a plaintiff's judgment in an alienation of affections action fell within the bar of section 598.20, when the dissolution decree was entered after judgment but before appellate decision in the tort suit. Noting that entry of a judgment constitutes a "final adjudication of any rights of the parties" in an action, Iowa R.Civ.P. 219, the Court stated

> We hold there need be no reservation of the "right acquired by marriage" once a *judgment* is entered in favor of the aggrieved party prior to the dissolution decree.

252 N.W.2d at 746. (Emphasis added). Thus, *Giltner* is distinguishable on its facts from the present circumstances.

The appellant also asserts that the decision in *In re Marriage of Helm*, 271 N.W.2d 725 (Iowa 1978) requires the trial court to proceed with an action filed prior to a decree of dissolution. The issues presented in *Helm* are not pertinent to the disposition of the present appeal; however, the Court made reference to the continuing power of a trial court to adjudicate disputes:

> Jurisdiction of the subject matter is the power to hear and decide cases of the general class to which the proceeding belongs. It can be neither conferred on a court *nor denied to a court by acts of the parties or the procedures they employ.* *State ex rel. Iowa State Hwy. Comm'n. v. Read*, 228 N.W.2d 199, 202 (Iowa 1975).

*Id.* at 727. (Emphasis added). Applying this language to the present circumstances, the appellant argues that once the trial court obtained subject matter jurisdiction, such power "could not be terminated by the proceeding in the separate dissolution of marriage action." However, the issue here is not one of the subject matter jurisdiction of the court, or the effect of the parties' acts upon it, but rather one based upon a statutory provision for forfeiture of certain rights of the parties if they are not preserved in the decree. The *Helm* case is therefore inapposite.

The appellee contends that our recent decision in *Michael v. Harrison County Rural Elec. Co–op.*, 292 N.W.2d 417 (Iowa 1980) is dispositive of this appeal. We agree. In *Michael*, an action was brought by a husband and wife for personal injuries to the husband and for loss of consortium to the wife, allegedly caused by the husband's electrical injury. Plaintiffs were divorced during the pendency of the case. On appeal, this Court said, in concluding the court should have sustained a motion for directed verdict against the wife on her consortium claim:

> We have previously held that the right to maintain an action for alienation of affections is a "right acquired by marriage" under the statutory predecessor to section 598.20. *Hamilton v. McNeill*, 150 Iowa 470, 474, 129 N.W. 480, 481 (1911). Consequently, the entry of a dissolution

decree which fails to preserve the right to maintain an alienation of affections action results in its forfeiture. *E. g., Bearbower v. Merry,* 266 N.W.2d 128, 130 (Iowa 1978); *Van Ellen v. Meyer,* 207 N.W.2d 552 (Iowa 1973). The gravamen of the action for alienation of affections is the loss of consortium. *Acuff v. Schmit,* 248 Iowa 272, 276, 78 N.W.2d 480, 483 (1956). It logically follows that the rule requiring preservation of an alienation of affections action in a dissolution decree applies with equal force to actions by one spouse for the loss of consortium arising out of personal injury to the other spouse during the marital relationship.

These principles lead us to conclude that [the wife's] right of action against defendant for loss of consortium during her marriage with [the husband] was forfeited when the final dissolution of marriage decree was entered without specifically preserving in the decree that cause of action. Thus, trial court erred in not directing a verdict for defendant on [the wife's] consortium claim.

■ Applying *Michael* to the circumstances presented here, we hold that the failure of the appellant to preserve a right of action for alienation of affections in the November 21 dissolution decree in accordance with section 598.20 prevents the maintenance of the present suit, and the trial court was correct in so ruling.

AFFIRMED.