## IN THE COURT OF APPEALS OF IOWA

No. 17-1302
Filed February 6, 2019

IN RE THE MARRIAGE OF ELIZABETH M. WILSON
AND GABRIEL W. WILSON

Upon the Petition of
**ELIZABETH M. WILSON,**
      Petitioner-Appellee,

**And Concerning
GABRIEL W. WILSON,**
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A husband appeals the decree dissolving his marriage. **AFFIRMED AS MODIFIED.**

Carmen E. Eichmann, Des Moines, and Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, PC, West Des Moines, for appellant.

Amanda L. Green of Nading Law Firm, Ankeny, for appellee.

Heard by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Gabriel (Gabe) and Elizabeth (Liz) Wilson married in 2003. They divorced in May 2017. In this appeal from the dissolution decree, Gabe challenges the district court's denial of his motion to reopen the record, the district court's division of the parties' property, and the district court's failure to preserve a separate tort action against Liz. Liz requests appellate attorney fees.

We first address Gabe's claim the district court abused its discretion in denying his second motion to reopen the record. *See Salter v. Freight Sales Co.*, 357 N.W.2d 38, 42 (Iowa Ct. App. 1984) (stating the standard of review for a ruling on a motion to reopen the record is for an abuse of discretion). The record reflects Gabe filed a motion to reopen the record after trial but before the district court entered its decree. The district court granted Gabe's motion, held a hearing in March 2017, and received additional testimony from Gabe. After the district court entered its decree, Gabe filed a second motion to reopen the record. The second motion was similar to the first—Gabe requested the district court receive additional evidence relevant to the division of the parties' property. The district court denied the motion. Gabe challenges the denial of his second motion to reopen the record.

In reviewing the district court's denial of a post-decree motion to reopen the record, we consider a number of factors. *See State v. Long*, 814 N.W.2d 572, 578 (Iowa 2012) (setting forth a seven-factor test). We have considered each relevant factor and conclude the district court did not abuse its discretion in denying Gabe's motion to reopen the record. As relevant here, the record reflects that much of the additional evidence Gabe sought to introduce related to events occurring prior to trial or prior to the time the district court granted Gabe's first motion. Gabe had the

opportunity to present the evidence at the time of trial and at the time of the hearing on the first motion to reopen the record. To the extent relevant evidence was not presented or relevant issues were not raised at those times, Gabe bears that responsibility. In addition, the relevant date for determining the property subject to division and the valuation of the same is at the time of trial. *See Lang v. Lang*, Nos. 0-640, 00-0172, 2000 WL 1868957, at *2 (Iowa Ct. App. Dec. 22, 2000). To the extent Gabe sought to introduce evidence of post-trial conduct, the district court acted within its discretion in declining to consider such evidence. The district court's interest in providing procedural fairness and finality to the parties militates against giving litigants multiple opportunities to re-litigate issues. *See In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006); *In re Marriage of Smith*, No. 14-1147, 2015 WL 7575402, at *2 (Iowa Ct. App. Nov. 25, 2015). We affirm the district court's denial of Gabe's motion to reopen the record.

We next address Gabe's contention the district court inequitably divided the parties' property. Dissolutions of marriages are equitable proceedings, therefore, the court reviews them de novo. *See In re Marriage of Thatcher*, 864 N.W.2d 533, 537 (Iowa 2015); *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *In re Marriage of Shanks*, 758 N.W.2d 506, 510 (Iowa 2008). "We review the entire record and decide anew the factual and legal issues preserved and presented for review." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017). "Prior cases are of little precedential value, except to provide a framework for analysis, and we must ultimately tailor our decision to the unique facts and circumstances before us." *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995) (citing *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992)). "Although our review is de

novo, we afford deference to the district court for institutional and pragmatic reasons." *Hensch*, 902 N.W.2d at 824. We will not modify a dissolution decree unless the district court failed to do equity. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016); *In re Marriage of Graves*, No. 13-1426, 2014 WL 3511879, at *2 (Iowa Ct. App. July 16, 2014).

In dividing the parties' property, the court must divide the parties' property equitably. *See* Iowa Code § 598.21(5) (2015). When dividing the parties' property, the court considers a number of factors, including "[t]he length of the marriage," "[t]he property brought to the marriage by each party," "[t]he contribution of each party to the marriage," "[t]he earning capacity of each party," the amount and duration of spousal support granted, and any other relevant factors. Iowa Code §598.21(5).

During Gabe and Liz's marriage, the couple formed and managed several companies involved in the development of real estate, including Giovanti Homes, LLC (Giovanti) and Direct Real Estate Services, LLC (DRC). Giovanti built homes, and DRC marketed and sold those homes. When dividing the parties' property, the district court awarded Giovanti to Gabe and DRC to Liz. Although the evidence at trial indicated there was an intercompany note between Giovanti Homes and DRC in the amount of $507,899, the district court did not address the loan in its final decree. Liz filed a motion to enlarge or amend the decree, asking the court to clarify the disposition of the loan. The district court granted the motion and ordered Liz to pay Gabe half the value of the loan. Gabe claims the division of assets is inequitable.

In considering the facts and circumstances of this case, we find the district court's valuation of the parties' assets was within the range of evidence and the distribution of assets was equitable. However, the district court's order contained a typographical error. In its order, the court first identifies the debt as being $507,899.00, as agreed upon by both parties. However, in calculating the payment from Liz to Gabe, the court used the figure $500,899.00. Using the agreed upon value of the note, we modify the decree and order Liz to pay Gabe $253,949.50.

We next address whether the district court erred in failing to preserve the right for Gabe to bring a separate tort action against Liz for damages caused to Giovanti Homes and Gabe. "When a dissolution of marriage is decreed the parties . . . forfeit all rights acquired by marriage which are not specifically preserved in the decree." Iowa Code § 598.20. It is the litigant's obligation to preserve a separate action during a dissolution trial. *See Ohlen v. Harriman*, 296 N.W.2d 794, 797 (Iowa 1980) (finding "the failure of the appellant to preserve a right of action for alienation of affections" during a dissolution suit barred the action). Because Gabe did not request the preservation of a right of action, the court did not err by not preserving a cause of action.

Finally, Liz requests appellate attorney fees. "An award of appellate attorney fees is not a matter of right but rests within our discretion." *In re Marriage of Meineke*, No. 02-1288, 2003 WL 21543530, at *3 (Iowa Ct. App. July 10, 2003). "We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Id.* Liz received considerable assets in the

district court's decree and has not established the requisite need for attorney fees. We deny her request.

For the foregoing reasons, we affirm the judgment of the district court as modified.

**AFFIRMED AS MODIFIED.**