IN RE CONDEMNATION OF CERTAIN LAND for Urban Renewal Project No. I. ("River Hills" in City of Des Moines)

WILLIAM CRAWFORD et al., appellants, v. CITY OF DES MOINES, appellee.

No. 50838.

(Reported in 119 N.W.2d 187)

W. Lawrence Oliver, of Des Moines, for appellants.

Leonard C. Abels, Corporation Counsel, and Don Hise, Assistant City Attorney, both of Des Moines, for appellee.

THOMPSON, J.—The defendant, City of Des Moines, instituted condemnation proceedings for the taking of certain property owned by the plaintiffs. It was an entire rather than a partial taking. The condemnation commission fixed the value of the property at $8000; the plaintiffs were dissatisfied and took their appeal to the district court, where the trial jury increased the award to $10,000.

Plaintiffs' attorney then made his application for taxation of fees as provided by section 472.33, Code of 1962. He asked $1500; the trial court allowed $750, and he appeals.

I. Upon presentation of the application for taxation of fees to the court, plaintiffs' counsel was the only witness who testified. He said that "said appeal involved particular questions of law, along with the ordinary inquiry in the damages, with unusual preparation, with which this court is familiar"; that he spent four days in briefing, drawing petition, investigation, and interviews with the expert witness and viewing the property; he spent three days in the trial, and one day in preparing and presenting his application for fees, making a total of eight days; "the value of the services actually and necessarily rendered by me as counsel for the plaintiffs-appellants in this appeal were in fact $1500." This was the sum total of the evidence offered by either side on the question of fees.

The trial court did not see eye to eye with the applicant. It said: "Let the record show that the Court does not believe

that the time set forth by counsel as expended in this case was reasonable and necessary to the results obtained; that only one expert witness testified in this case in behalf of the plaintiffs; that said expert witness, to this Court's knowledge, is a witness who has testified in many cases in the courts of Polk County concerning condemnation, and the Court does not believe that the amount of time expended in this case, it having no unusual problems in the eyes of the Court in respect to the law or the facts which would take substantial time. This case is an ordinary condemnation case, with no particularly unusual matters involved, in the Court's opinion." The court concluded that $750 was sufficient compensation.

II. The appellants' counsel urges that money does not have its former value, the dollar having been greatly depreciated over the past decades; and that the compensation allowed is not in accord with the fee schedules of the American and Iowa State Bar Associations. We may concede the dollar value has suffered many body blows since 1940. Whether the fee schedules of the bar associations have been followed we do not decide. We have often said that the trial court has a considerable discretion in fixing fees in cases in which they are taxable, and we do not find an abuse of such discretion here.

The question is thoroughly discussed in Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 1256, 1257, 115 N.W.2d 695, 699, 700. We there said: "The court is an expert on what are reasonable fees." Authorities are cited. We also said the court has a considerable discretion, which, however, may be abused. We also set forth the matters to be considered by the trial court in fixing fees: "the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained." See also Gabel v. Gabel, 254 Iowa 248, 251, 117 N.W.2d 501, 503.

Applying these formulae to the case at bar, we are unable to agree that the trial court abused its discretion. So far as we have the record before us, we find nothing unusual in the condemnation case tried nor anything which required exceptional skill or exertion on the part of plaintiffs' counsel. The

result obtained, in terms of dollars, while greater than the award of the condemnation jury, was not extraordinarily large. We cannot say the trial court was wrong in holding that the sum allowed was adequate compensation.—Affirmed.

All JUSTICES concur.