Sheryl F. COUNTRYMAN, Appellant,

v.

Lucinda McMAINS, Appellee.

No. 84–1494.

Supreme Court of Iowa.

Feb. 19, 1986.

Arthur L. Buzzell of Newport & Buzzell, Davenport, for appellant.

Kenneth L. Keith and Lloyd E. Keith of Dull, Keith & Beaver, Ottumwa, for appellee.

LARSON, Justice.

This plaintiff sued for damage to her car, alleging both negligence and an intentional tort. She demanded both compensatory and punitive damages. At the commencement of trial, she moved for a continuance complaining that, because the defendant had refused to complete a discovery deposition, she was unprepared for trial. The continuance was denied. After the defendant testified, the plaintiff again moved for a continuance on the ground that portions of the defendant's testimony had caught her by surprise. This motion was also denied.

The court entered a judgment for the plaintiff and awarded her compensatory damages. It found there was not sufficient evidence of intent, however, and awarded no punitive damages. The plaintiff moved for a new trial, raising the court's failure to grant the continuance motions and other claimed irregularities in the trial. The motion for new trial was denied.

The plaintiff appealed. The court of appeals reversed on the continuance issue but did not address the new trial issue. On further review, we vacate the opinion of the court of appeals and affirm the district court.

I. *The Continuance Order.*

The plaintiff filed her suit in April, 1981. In November, 1981, she took the defendant's deposition. During the deposition, the defendant refused to answer a question about why she had been crying just prior to the collision. (The plaintiff claims this matter bore on the defendant's state of mind at the time of the incident.) When the defendant refused to answer, the deposition ended. The plaintiff obtained an order under rule of civil procedure 134(a) to compel discovery, but the defendant continued to refuse. While sanctions under rule 134(b)

were available to enforce the court's order, the plaintiff chose not to use them.

The plaintiff again moved for a continuance during the trial, this time to deal with testimony by the defendant that a sticky accelerator had caused the accident. She argues that this evidence caught her by surprise.

The rule is that

[a] continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. It shall be allowed if all parties so agree and the court approves.

Iowa R.Civ.P. 183(a). A ruling on a motion for continuance rests in the sound discretion of the trial court. *Michael v. Harrison County Rural Electric Cooperative*, 292 N.W.2d 417, 419 (Iowa 1980). A district court's ruling on such matters is presumptively correct, and a party challenging the ruling has a heavy burden to overcome the presumption. *Id.*

Under rule 183(a), the reason for seeking a continuance must not grow out of the fault or negligence of the applicant. In this case, we believe the court was justified in concluding that the circumstances did not fit the requirements of that rule. The lawsuit had been on file for over three years. The plaintiff had adequate opportunities to obtain discovery or seek sanctions to deal with the defendant's failure to comply.

The plaintiff rationalizes her failure to pursue sanctions on the basis that the defendant's insurance carrier might claim lack of cooperation by their insured and therefore deny indemnity on any judgment which the plaintiff might obtain against her. We doubt that such a fear could ever rise to the level of excusing a party's failure to pursue the remedies of our discovery rules. In any event, the argument lacks persuasiveness here. The plaintiff candidly admitted she had expected the defendant not to appear for trial and had planned to take a default judgment against her. A total default would have been the ultimate failure to cooperate.

The district court was also well within the scope of its discretion when it denied the continuance motion based on the "surprise" testimony by the defendant. This evidence could have been discovered prior to trial by routine discovery procedures. This was not a case of the defendant's refusal to answer. When the deposition of the defendant hit a snag over the question about her crying, the plaintiff apparently abandoned all other areas of inquiry. Under these circumstances, the plaintiff should not be permitted to claim surprise when confronted by the evidence of the sticky accelerator.

We affirm the trial court on the continuance issues.

## II. *The New-Trial Motion.*

The plaintiff's new-trial motion was based on alleged misconduct of the defendant and her counsel. It also alleged surprise, newly discovered evidence, and mistake of fact by the court.

The allegations of misconduct were based on the failure of the defendant to submit to further discovery following the order to compel and a claim that the defendant's attorney failed to cooperate in scheduling further depositions. These grounds are directly related to the issue under division I and, in effect, constitute a collateral attack on the court's refusal to grant the continuances. For the reasons discussed in the prior division, we believe the district court was within its discretion in refusing the continuance. Any "misconduct" by the defendant or her counsel in the discovery procedures should have been dealt with through discovery sanctions, not through a new-trial motion. We do not believe this is the type of misconduct envisioned by our new-trial rules.

The second ground under this motion again raises the issue of the plaintiff's "surprise" by evidence of the sticky accelerator. Plaintiff claims that there was evidence available to rebut this testimony, but

because of her inability to prepare for trial, it could not be presented. As already discussed, however, this matter could have been discovered by the plaintiff through the exercise of standard discovery techniques. In any event, this was not an "[a]ccident or surprise which ordinary prudence could not have guarded against" so as to entitle the plaintiff to a new trial under rule 244(c). The exercise of ordinary prudence, we believe, could have prevented this occurrence. Nor does it constitute material evidence, newly discovered, under rule 244(g), because that rule requires that the evidence be of the nature that it could not, with reasonable diligence, have been discovered and produced at trial.

■ Next, the plaintiff complains that the court made mistakes of fact in its ruling. *See* Iowa R.Civ.P. 244(h). The plaintiff introduced evidence that the defendant actually intended to strike the defendant's ex-husband, who was standing near the plaintiff's car. The plaintiff complains that the court failed to recognize that the defendant's "malicious and intentional" actions toward this third party should be given the same consideration as if they had been directed against the plaintiff directly. This, she claims, was a mistake of fact. We do not agree. The court simply concluded that "[t]he striking of plaintiff's vehicle by defendant in an intentional manner was not proved." In reaching this conclusion, the court apparently rejected the plaintiff's view of the evidence. This does not constitute a mistake of fact under rule 244(h). The court's finding in this regard has substantial support in the record.

■ As the last ground for the new-trial motion, the plaintiff relies on rule 244(i), which provides for a new trial on any ground which would support a motion for judgment notwithstanding the verdict under rule 243(a). Such grounds exist here, she claims, because the defendant had failed to assert in her pleadings that there was an intervening or independent cause of the collision, *i.e.*, the sticky accelerator. We find no merit in that argument. The defendant's state of mind was put in issue by the plaintiff's claim that the defendant intentionally struck her car. The defendant simply attempted to refute that allegation by testifying that it was caused by a sticky accelerator. Her response was within the scope of the pleadings; it was not necessary for her to allege an intervening or independent cause.

We find no merit in any of the plaintiff's new-trial issues.

We vacate the court of appeals decision and affirm the orders of the district court.

DECISION OF COURT OF APPEALS VACATED; ORDERS OF DISTRICT COURT AFFIRMED.

All Justices concur except LAVORATO, J., who takes no part.