Traci **RATTENBORG, a minor, by her father and next best friend, Charles RATTENBORG, and Charles Rattenborg and Doris Rattenborg, Individually, Plaintiffs–Appellees,**

v.

**MONTGOMERY ELEVATOR COMPANY, Defendant–Appellant.**

No. 87–1672.

Court of Appeals of Iowa.

Jan. 26, 1989.

As corrected Feb. 9, 1989.

Ross H. Sidney and John Werner, of Grefe & Sidney, Des Moines, for defendant-appellant.

Roland D. Peddicord, of Peddicord, Wharton, Thune, Foxhoven & Spencer, Des Moines, and Clifford J. Shoemaker, Vienna, Va., for plaintiffs-appellees.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

We address a series of errors raised by defendant following a jury trial and verdict for plaintiffs for damages plaintiffs claimed as a result of an allegedly defective escalator manufactured by defendant.

Defendant-appellant, Montgomery Elevator Company, manufactured an escalator installed at Merle Hay Mall in Des Moines, Iowa. On June 25, 1985, plaintiff-appellee, Traci Rattenborg, then sixteen years old, was injured in attempting to catch her shoe after it became stuck in the escalator. Plaintiffs Traci and her parents Charles and Doris Rattenborg sued Montgomery Elevator and Merle Hay Mall alleging their actions were a proximate cause of Traci's injuries and damages. Plaintiffs settled with Merle Hay Mall seventy-two hours before trial and Merle Hay Mall was dismissed as a defendant.[1] Montgomery then moved for a continuance. The continuance was not granted.

The case against Montgomery was tried to a jury and a verdict was returned finding defendant Montgomery one hundred percent liable for Traci's injuries and assessing damages of $505,109 [2] for plaintiff Traci Rattenborg and $65,385 [3] for her parents. Defendant has appealed.

## I.

Defendant first contends the trial court abused its discretion in not granting its motion for continuance. Defendant relies on four grounds which it says collectively show the trial court abused its discretion in not granting the motion, namely: (1) Merle Hay Mall, a codefendant, settled shortly before trial, (2) a motion in limine was not ruled on before trial, (3) Traci had elective surgery prior to trial that was not healed at time of trial, and (4) the defendant learned just before trial the escalator had been changed despite an earlier order allowing the jury to view the escalator.

▮ The rule is a continuance may be allowed for any cause not growing out of the fault or negligence of the applicant,

---

1. Merle Hay in turn dismissed a cross-claim against Montgomery and a third party claim against Weitz Co.

2. The jury specified $250,000 for past noneconomic damage, $250,000 for future noneconomic damage, $2,709.82 for past medical and $2,400 for future medical.

3. $5,384.50 for past medical expense and $60,000 for noneconomic damages.

which satisfies the court that substantial justice will be more nearly obtained by continuing the trial. *See* Iowa R.Civ.P. 183(a). A ruling on a motion for continuance rests in the sound discretion of the trial court. *Countryman v. McMains*, 381 N.W.2d 638, 640 (Iowa 1986); *Michael v. Harrison County Rural Electric Cooperative*, 292 N.W.2d 417, 419 (Iowa 1980). A district court's ruling on such matters is presumptively correct, and a party challenging the ruling has a heavy burden to overcome the presumption. *Id.*

The question is could defendant have prepared for the events it now claims justify its position. *See Countryman*, 381 N.W. 2d at 640.

This case was filed in November 1985 against defendant Montgomery and Merle Hay Mall, a limited partnership and the general partners individually. A cross-claim was filed by Merle Hay against defendant Montgomery Elevator Co., on December 18, 1986. Extensive discovery by all parties was pursued.

▮ In addressing defendant's contention the trial court abused its discretion in not continuing the trial, we first look at settlement by the former codefendant Merle Hay Mall. Defendant claims because of this settlement there were significant changes in the pleading and parties prior to trial. Basically, Merle Hay settled and was not a party at trial. The jury was instructed Merle Hay had settled and was given an interrogatory directing them to determine what if any percentage of fault for the accident should be attributable to Merle Hay.

Defendant cites no authority to support a holding the trial court abused its discretion in not continuing under these circumstances. The trial court did not abuse its discretion in not continuing the case because Merle Hay had settled with plaintiffs prior to trial.

▮ Defendant next complains Judge Perkins failed to rule on a motion in limine when it was submitted. The motion sought to prevent plaintiffs from introducing evidence of two subsequent accidents involving the escalator. Defendant contends because of the trial court's failure to rule they could not prepare for trial and should have had a continuance. Just before trial Judge Van Wifvat was substituted for Judge Perkins. Perkins was originally scheduled to try the case and the motion in limine had been argued to him. Judge Wifvat allowed the evidence to come in at trial.

In arguing the motion for continuance, defendant's attorney John Werner responded to plaintiff's attorney's statement Perkins had overruled the motion in limine and would rule on admissibility when evidence was offered. In response, Werner said:

  * * * he (reference to Judge Perkins) listened to counsel's argument and indicated his inclination to overrule my motion. He told me he was going to read the cases cited * * * I agree with counsel that he expressed an inclination, that was all.

Defendant admittedly had an indication its motion would not be sustained. Defendant now claims it was forced to go to trial wondering what accidents to defend against and was "put in the untenable position of not knowing if it was defending one accident or three." We find no basis for this argument.

▮ Traci had corrective surgery before trial. She had not healed at trial time. Defendant contends because plaintiff's surgery and tenderness were not the final result, it should have had a continuance. Again defendant cites no authority supporting the granting of a continuance on these grounds. We find none. Apparently defendant's position is plaintiffs should only go before juries with well-healed injuries. All the facts surrounding the surgery were in evidence. The jury was advised the surgery wounds would heal. The surgery was necessitated by the accident. There is no basis for defendant's position the jury should only see well-healed injuries.

▮ Defendant's fourth contention is it should have a continuance because the jury did not view the premises. Defendant had an order for a jury viewing of the escalator. There was no order preventing the

escalator from being changed. After Merle Hay settled, Merle Hay modified the escalator allegedly to make it safer. Defendant's attorney Ross Sidney, speaking on motion for continuance said there should be a view by the jury with the escalator operating as it was previously without the change. He said it would take one-half hour to change the escalator to its pre-change condition. Assuming defendant had a right to have a viewing with the escalator changed, there is no showing the change could not be made by the scheduled trial date. There was no request for an order directing the change be made. There was no showing a change could be made for a later trial date but not for the current trial date.

We consider defendant's contentions singularly and collectively. We find no abuse of discretion in the trial court's failure to grant the requested continuance.

## II.

Defendant next contends it was error to admit evidence of two subsequent accidents involving the escalator that injured Traci. In March 1987 a fourteen-year-old girl wearing soft latex high-top tennis shoes got the rubber "bumper-guard" of her shoe caught in a comb plate on the left[4] side of the escalator step. The girl pulled her foot free and did not attempt to retrieve her shoe. In August 1987 a teenager got her sneaker caught on the left side of the escalator. Her toe was pinched between two leveling plates ahead of the comb plate. The escalator continued to run and did not shut down in either instance.

■ Admissibility of evidence of other accidents may be admissible to prove the existence of a particular physical condition, situation or defect. See § 200 McCormick, *Other Accidents and Injuries.* Evidence of similar accidents is admissible in strict liability actions. *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 445 (Iowa 1979). There must be substantial similarity. *McKinnon v. Skil Corp.,* 638 F.2d 270, 277 (1st Cir.1981). Evidence of subsequent accidents may be considered pertinent in de-

termining whether or not the product was hazardous. *See Ginnis v. Mapes Hotel Corporation,* 86 Nev. 408, 470 P.2d 135, 139 (1970). The requirement of substantial similarity between the other accidents and the one at issue has been characterized as a matter of relevance to be decided in the discretion of the trial judge. *See Montgomery Elevator Co. v. McCullough,* 676 S.W.2d 776, 783 (Kentucky 1984). Exactly identical circumstances cannot be realized and are not required. *See Jones & Laughlin Steel Corp. v. Matherne,* 348 F.2d 394, 400–01 (5th Cir.1965). Where defendant has ample opportunity to show differences by cross-examination or by its own witnesses, the differences may go to the weight rather than the admissibility of the evidence. *Id.*

The Iowa court has also recognized the admissibility of evidence of the absence of accidents at the same place or with the same instrumentality under substantially similar circumstances as probative of the absence of danger or lack of knowledge of the danger by the defending party. *See Schuller v. Hy–Vee Food Stores,* 328 N.W. 2d 328, 330 (Iowa 1982); *Wiedenfeld v. Chicago & North Western Transportation Co.,* 252 N.W.2d 691, 700 (Iowa 1977); *Nelson v. Langstrom,* 252 Iowa 965, 970, 108 N.W.2d 58, 61 (1961).

■ Plaintiff argued the escalator was defective because of the failure of a comb plate safety device to automatically shut the escalator down where an object, such as a shoe, became lodged. In this case Traci's shoe was lodged in the escalator and the escalator did not automatically shut down. The two accidents introduced were situations where a shoe became lodged in the escalator and the escalator did not automatically shut down. We find no abuse of discretion in the admission of the evidence.

## III.

■ Defendant next contends it should have been allowed to read into evidence the

---

**4.** Plaintiff was riding on the right side of the     step.

allegations from plaintiffs petition against Merle Hay to the jury.

Defendant was not prevented from introducing evidence of Merle Hay's negligence. Defendant has failed to show any proffered evidence of liability on the part of Merle Hay Mall was excluded from the jury's consideration. Defendant has not shown it was prejudiced. A presumption of prejudice will not suffice if the record demonstrates lack of prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 170 (Iowa 1984). We find no error.

### IV.

■■■ Defendant next claims the trial court abused its discretion in not setting aside or reducing the verdict. Defendant claims the verdict was excessive. In *Sallis v. Lamansky*, 420 N.W.2d 795, 799 (Iowa 1988), the Iowa court said:

> Our case law shows that we have been loath to interfere with a jury verdict. In considering a contention that the verdict is excessive, the evidence must be viewed in the light most favorable to the plaintiff. *DeBurkarte v. Louvar*, 393 N.W.2d 131, 139 (Iowa 1986). Fixing the amount of damages is a function for the jury. The court should interfere only when the damage award is "flagrantly excessive or inadequate, so out of reason so as to shock the conscience, the result of passion or prejudice, or lacking in evidentiary support." *Harsha v. State Sav. Bank*, 346 N.W.2d 791, 799 (Iowa 1984). We have stated that the most important of these reasons is whether there is support in the evidence. *Miller v. Young*, 168 N.W.2d 45, 53 (Iowa 1969) (quoting *Mazur v. Grantham*, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813–14 (1964)). A verdict should not be set aside merely because the reviewing court would have reached a different conclusion, although the court "has inherent power to set aside a verdict which fails to do substantial justice between the parties." *Moore v. Bailey*, 163 N.W.2d 435, 436 (Iowa 1968).

Traci's fingers were caught in the escalator for some period before she was freed. She experienced fright and suffered a painful injury to her right hand. The fingernails on her ring and long fingers were ripped off where the nail growth begins. There was damage to the nail bed. There was bone exposed. She had three open fractures with skin loss of two fingers. She had injury to the extensor tendons on the fingers.

Traci had surgery the day of the accident to clean the wounds and bones and to insert pins in the fingers lengthwise to hold the fingers in a straight position to allow healing. She was hospitalized and discharged four days later. She continued to have pain and was on various pain medications. She lost certain functions in her fingers.

She had the pins removed but continued to have limitations in joint movement and tenderness a month later. She engaged in therapy to recover motion in her joints. By September 1987 she had some nail growth but the nails were growing in such a way they were catching on things. The flexion in her hands was improving but she still had problems.

As of December 1987 she continued to have limitation of motion and had a droopy finger. On December 20, 1987, she had surgery to repair the tendon. She used plastic fingernails. She continued to suffer pain and discomfort and was on medication. She still had a slight droop and wore a splint at night and when using her finger. The droop returned and on May 30, 1988, an operation was performed wherein the interphalangeal joint of the long finger was fused. As a result, the droop was straightened but the joint will never bend with a resulting loss of power of the hand.

Traci continued to experience pain, take medication, wear a splint and engage in therapy. The nail on her ring finger did not grow back. She had an additional operation wherein a toenail was taken from her foot and grafted to her finger. It was this surgery she was recovering from at time of trial.

Traci has permanently lost the end joint function of two fingers, she has nail bed injury and disfigurement. Her finger limi-

tations have affected her ability to play the piano. She played the piano before the injury. The injuries have created some limitations in typing and in the use of a computer.

Traci is young and unmarried. She was a high school student when injured. The hand is a very visible part of the body. The injuries have rendered Traci's hand unattractive. This is particularly difficult for her. Traci has a life expectancy of 57.98 years and will suffer permanent injuries and disfigurement from the accident for her lifetime.

The jury heard evidence of Traci's injury and made its decision. There is support in the evidence for the jury's decision. *Miller*, 168 N.W.2d at 53. We find the trial court did not abuse its discretion in not reducing or setting aside the verdict.

AFFIRMED.