**Randall E. WILLIAMS,**
**Plaintiff–Appellant,**

v.

**DUBUQUE RACING ASSOCIATION,**
**Defendant–Appellee.**

No. 88–997.

Court of Appeals of Iowa.

June 15, 1989.

**394**

Dennis J. Naughton and Paula M. Stenlund of Naughton & Stenlund, Dubuque, for plaintiff-appellant.

Brendan T. Quann and Stephen C. Krumpe of O'Connor & Thomas, P.C., Dubuque, for defendant-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, Randall Williams, appeals from the decision of the district court rendering judgment against the plaintiff pursuant to a jury verdict. He contends the district court abused its discretion when it denied him permission to depose two out-of-state witnesses after the deadline for discovery had passed. From our review of the record, we believe plaintiff has failed to preserve this issue for review since he made no offer of proof as to the substance of the experts' testimony. *Wernimont v. International Harvester Corp.*, 309 N.W.2d 137, 143 (Iowa App.1981). Nonetheless we will address the issue on the merits.

The defendant, Dubuque Racing Association, operates dog races. The plaintiff attended one of the defendant's exhibitions and purchased a "Super Six" ticket entitling him to place a bet on a series of six consecutive races. In five of the races the dog selected by the plaintiff won. In the sixth race the dog selected by the plaintiff was ahead until (to the plaintiff's misfortune) it caught the "lure" used to entice the dogs around the track. When this happened, the defendant canceled or scratched the sixth race, refused to pay winning bets, and instead gave refunds to bettors who returned their tickets.

On March 31, 1986, the plaintiff filed the present suit against the defendant, alleging that his ticket purchase was a valid contract entitling him to receive winnings if he correctly chose the winning dogs. He asserted that he would have won but for the fact that the sixth race was scratched after the leading dog caught the lure. He sought recovery on a theory of breach of contract (this count was dismissed following defendant's motion for summary judgment) and also on a theory that the defendant was negligent in maintaining the lure mechanism.

During discovery, the plaintiff initially identified no expert witnesses. However, more than a month after the date set for completion of the plaintiff's discovery, the plaintiff did serve a notice of deposition of two persons in Salem, Massachusetts. The defendant filed a resistance, and the court denied permission for the out-of-state depositions.

The case then proceeded to trial on May 24, 1988. The jury held against the plaintiff and returned a verdict in favor of the defendant. The plaintiff has appealed from the resulting judgment.

We review on errors assigned. Iowa R.App.P. 4.

The only issue presented for our review is whether the district court abused its discretion in overruling plaintiff's motion to depose witnesses in Salem, Massachusetts, after the deadline for discovery had passed. It is undisputed that the trial court has wide discretion in its rulings regarding discovery issues. *Pollock v. Deere & Co.*, 282 N.W.2d 735, 738 (Iowa 1979). Such rulings will be reversed only when an abuse of discretion is found. *Id.* Rulings within the trial court's discretion are "presumptively correct, and a party challenging the ruling has a heavy burden to overcome the presumption." *Countryman v. McMains*, 381 N.W.2d 638, 640 (Iowa 1986).

On July 9, 1986, the defendant propounded interrogatories to the plaintiff in which it requested a statement of "those

facts which you or your attorneys rely on to establish the following claims, specifying the names and addresses of witnesses thereto." The plaintiff answered specifying only himself and the defendant. These answers were never supplemented. As a result of the pretrial conference, the court established the cutoff dates for completion of discovery as March 24, 1988, for the plaintiff and April 9, 1988, for the defendant.

On April 29, 1988, Williams served by mail a notice of deposition of two expert witnesses to take place ten days later in Salem, Massachusetts. The service of this notice was clearly in error for no motion was filed with the court pursuant to Iowa Rule of Civil Procedure 147(a)[1] regarding an out-of-state deposition. The defendant brought this matter to the attention of the trial court on May 2, 1988. The plaintiff resisted, and on May 9, 1988, the court issued its order denying the plaintiff the opportunity to depose because the notice to opposing counsel was unreasonably short.

We find no abuse of discretion. The plaintiff had over two years to secure witnesses. The fact that this was postponed until less than thirty days before trial for financial considerations was a tactical decision made by the plaintiff and his counsel, the effect of which should be borne by them and not the defendant. The purpose of a pretrial conference is to marshall all evidence and proceed in an orderly fashion to trial; surprises are to be eliminated. Further, settlement can only be effectuated if all parties are aware of the facts as they stand. Therefore, the court's order closing discovery was reasonable. We find no error in its ruling denying the plaintiff leave of court to take these depositions.

AFFIRMED.

---

1. Rule 147(a) provides:
   Oral depositions may be taken only in this state, or outside it at a place within one hundred miles from the nearest Iowa point. But, on hearing, on notice, of a motion of a party desiring it, the court may order it orally taken at any other specified place, if the issue is sufficiently important and the testimony cannot reasonably be obtained on written interrogatories.