**3 S INC., CO., Appellant,**

v.

**Bill ZAREK, a/k/a William J. Zarek, Appellant.**

**Bill ZAREK, a/k/a William J. Zarek, Cross–Claimant–Appellee,**

v.

**Marlin BROWN, Defendant to Cross–Claim–Appellant.**

No. 91–2007.

Court of Appeals of Iowa.

May 25, 1993.

Marlyn S. Jensen, Osceola, for appellant.

Richard O. McConville of Smith, Schneider, Stiles, Wimer, Hudson, Serangeli, Robinson, Mallaney, Shindler, Scalise & Sandre, Des Moines, for appellee.

Heard by OXBERGER, C.J., DONIELSON, J., and McCARTNEY, Senior Judge.*

DONIELSON, Judge.

The plaintiff, 3 S Inc., and cross-defendant, Marlin Brown, appeal from a judgment of the district court which awarded the defendant, Bill Zarek, partial attorney fees, overruled 3 S Inc.'s motion for new trial, and dismissed additional claims filed against Zarek.

Zarek is the owner of a farm and surrounding land in Adams County. 3 S Inc. is an Iowa corporation which entered into a farm lease with Zarek on October 19, 1988. Marlin Brown is an agent of 3 S Inc.

In July 1990, 3 S Inc. filed a petition requesting injunctive relief to keep Zarek from allegedly interfering with 3 S Inc.'s use of the property under the lease. In August 1990, 3 S Inc. amended the petition and claimed damages for the alleged interference by Zarek of 3 S Inc.'s use and occupancy of the leased premises. Zarek subsequently counterclaimed, alleging nonpayment of rent and expenses.

On October 2, 1991, 3 S Inc. and Brown mailed a document entitled "Offer for

* Senior judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

Peace by Way of Offer to Confess Judgment and Payment under Iowa Code section 677.4–.6." to Zarek and to the presiding trial judge. The letter offered to confess judgment in the amount of $2,421.44 together with 3 S Inc.'s waiver of its right to be reimbursed for any court costs it had already advanced. In return, Zarek was to release and dismiss all claims against 3 S Inc., Brown, and any others involved in the leasing of the farm. This offer was not answered.

A jury trial was held between October 8 and October 11, 1991. Prior to the case's submission to the jury, 3 S Inc. requested Zarek's claim for attorney fees be submitted to the jury as an issue of damages. The district court denied the motion. The jury returned a verdict in favor of Zarek on his claims against 3 S Inc. in the amount of $2375, and on his claims against Marlin Brown in the amount of $350. The district court awarded Zarek costs in the amount of $368.89, and ordered a hearing be held on the issue of attorney fees.

3 S Inc. and Brown filed a motion for new trial. They argued the district court should have submitted the issue of attorney fees to the jury. They also alleged the jury had engaged in misconduct by considering exhibits not introduced into evidence. On November 5, 1991, 3 S Inc. and Brown also filed a new counterclaim, cross-claim, and third-party petition as an amendment, adding claims of "champerty and maintenance" and of "extortion."

That same day, the hearing on the issue of attorney fees and the posttrial motions was held. 3 S Inc. called three jurors, who testified several jurors had requested help in reading a portion of exhibit 1, the lease. The portion which was illegible was paragraph 27, which dealt with attorney fees and costs. As a result, the bailiff and the clerk's office enlarged the lease on a copy machine. The jury also attempted to get a magnifying glass to aid in reading the lease. Another juror testified the bailiff had brought the jury a blank lease form. Upon discovering the blank form was not the same as exhibit 1, the jury then requested the enlargements.

On November 27, the district court entered its ruling and order. The court overruled the motions for a new trial and awarded Zarek $4903 in attorney fees. The court also dismissed the new claims which 3 S Inc. and Brown had raised. 3 S Inc. and Brown filed a notice of appeal.

3 S Inc. argues the district court: (1) abused its discretion by refusing to order a new trial based on jury misconduct, (2) denied 3 S Inc. its right to trial by jury by refusing to submit the issue of attorney fees to the jury, (3) abused its discretion in awarding attorney fees, and (4) erred in dismissing the counterclaims and third-party claims filed after the jury verdict. Zarek requests appellate attorney fees. Brown did not file a separate brief.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4.

**I. *Jury Misconduct.*** 3 S Inc. first contends the jury's consideration of exhibits not introduced into evidence constituted misconduct and the district court erroneously denied 3 S Inc. a new trial.

 The district court has considerable discretion in determining whether to grant or refuse a new trial based on jury misconduct. *Moore v. Vanderloo*, 386 N.W.2d 108, 118 (Iowa 1986) (citing *Pease v. Zazza*, 295 N.W.2d 43, 49 (Iowa 1980)). " 'In order to justify a new trial on the basis of misconduct of jurors it must appear the misconduct was calculated to, and it is reasonable probable it did, influence the verdict.' " *Id.* (quoting *In re Estate of Cory*, 169 N.W.2d 837, 845 (Iowa 1969)). In other words, it must appear there is a reasonable probability the misconduct influenced the verdict.

 In this case, there was no evidence the enlargements or the blank lease form influenced the jury's decision in any way. The portion of the lease which was illegible, paragraph 27, dealt with attorney fees. The jury was advised by the court that attorney fees and costs were for the court to decide and were not to be addressed in their deliberations.

We find no reasonable probability the enlargement of paragraph 27 or the production of a blank lease form influenced the verdict. The district court did not abuse its discretion in refusing to grant a new trial on the basis of jury misconduct.

**II. District Court's Refusal to Submit the Issue of Attorney Fees to the Jury.** 3 S Inc. contends it was denied its right to trial by jury and procedural due process by the district court's refusal to submit the claim for attorney fees to the jury.

■ The right to a jury trial is not a fundamental right in proceedings created by statute. *Smith v. ADM Feed Corp.*, 456 N.W.2d 378, 382 (Iowa 1990) (citing *State ex rel. Bishop v. Travis*, 306 N.W.2d 733, 734 (Iowa 1981)). Attorney fees generally are not recoverable as damages in the absence of a statute or a provision in a written contract. *Suss v. Schammel*, 375 N.W.2d 252, 256 (Iowa 1985). Therefore, a right to recover attorney fees as costs does not exist as a right under common law.

In this case, the right to attorney fees is controlled by Iowa Code section 625.22 (1991). Section 625.22 provides, in relevant part: "When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, *the court* shall allow and tax as a part of the costs a reasonable attorney's fee to be determined by the court." (Emphasis added.)

■ A statute is presumed to be constitutional, and any invalidity must be clearly shown. *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118, 122 (Iowa 1989) (citation omitted). 3 S Inc. has made no showing section 625.22 is unconstitutional. We conclude 3 S Inc. was denied neither its constitutional right to a jury trial nor due process by the district court's refusal to submit the issue of attorney fees and costs to the jury.

**III. District Court's Award of Attorney Fees and Costs.** 3 S Inc. contends the district court abused its discretion in awarding Zarek's claim for attorney fees and costs. 3 S Inc. argues the fact an "Offer to Confess Judgment" was made prior to trial eliminated Zarek's attorney

fees claim under Iowa Code chapter 677. 3 S Inc. also argues a claim for attorney fees cannot be supported because the verdict resulted in a judgment for an amount less than the amount claimed by Zarek as part of the breach of contract action.

■ We first address whether the fact an "Offer to Confess Judgment" was made precluded Zarek's claim for attorney fees and costs. 3 S Inc. relies on the language in section 677.4 which states: "After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action." Iowa Code sections 677.5 and 677.10 provide for an assessment of costs to the plaintiff where the plaintiff failed to obtain judgment for more than was offered by the defendant pursuant to chapter 677.

The document which 3 S Inc. and Brown contend constituted an "Offer to Confess Judgment" pursuant to section 677.4 was a written document mailed to the district court judge and to Zarek's attorney. This document was never filed with the clerk of court. We note papers filed with a judge may be transmitted to the clerk of court pursuant to Iowa Rule of Civil Procedure 82(e). However, in this case rule 82(e) was not followed. As a result, neither the district court nor this court will consider this document to be an "Offer to Confess Judgment." We find chapter 677 to be inapplicable.

3 S Inc. also argues the court erred in awarding attorney fees and costs in this action because the verdict resulted in a judgment for an amount less than the amount claimed by Zarek as part of the breach of contract action. In the jury's verdict, Zarek was not awarded the full amount of rent claimed. From the judgment the jury deducted $100, which represented the four acres which Zarek had fenced and to which Zarek had denied 3 S Inc. access.

■ Iowa trial courts have considerable discretion in awarding attorney fees under a statute. *Sheer Construction, Inc. v. Hodgman and Sons, Inc.*, 326 N.W.2d 328,

334 (Iowa 1982). *See Berryhill v. Hatt,* 428 N.W.2d 647, 657 (Iowa 1988); *Lake v. Schaffnit,* 406 N.W.2d 437, 442 (Iowa 1987). Matters to be considered by the trial court in fixing fees include: " 'the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained.' " *Crawford v. City of Des Moines,* 254 Iowa 769, 771, 119 N.W.2d 187, 188 (1963) (citation omitted).

■ A large portion of the time and expense incurred in this case resulted from 3 S Inc.'s demand for a jury trial. Yet, because of the numerous claims and counterclaims involved, the district court awarded Zarek only one-half of the total fees and costs ($4903). We find no abuse of discretion.

**IV.** *Dismissal of Counterclaims and Third–Party Claims.* 3 S Inc. contends the district court erred in dismissing several counterclaims and third-party claims which were filed after the jury verdict, judgment entry, and the filing of post trial motions in this action.

On November 5, 1991, the hearing was held on Zarek's application for attorney fees and costs and on the post trial motions of 3 S Inc. and Brown. That same day, 3 S Inc. and Brown filed several counterclaims and third-party claims. The counterclaims alleged Zarek had engaged in "champerty and maintenance" and had brought its action regarding attorney fees and costs for improper motives and purposes. The third-party claims alleged the law firm which represented Zarek was liable for the costs incurred in Zarek's "wrongful claim."

■ "A pleading must contain a counterclaim for every cause of action then matured...." Iowa R.Civ.P. 29. A final judgment on the merits of a cause of action bars the filing of an additional compulsory counterclaim. *Id.* As Zarek's petition included an application for attorney fees and costs, 3 S Inc. had an opportunity to file its counterclaim alleging "champerty and maintenance" at that juncture. The district court did not err in dismissing this counterclaim.

Leave of the court is required to bring in a third party if such action is not filed within ten days after the filing of the original answer. Iowa R.Civ.P. 34(a). No such request was ever made by 3 S Inc. Therefore, the district court properly dismissed 3 S Inc.'s third-party complaint.

■ **V.** *Appellate Attorney Fees.* Zarek requests permission to file an application for appellate attorney fees. We find no language in section 625.22 or in paragraph 27 which precludes the award of appellate attorney fees. We grant Zarek's request to file an application for attorney fees. *See Federal Land Bank v. Woods,* 480 N.W.2d 61, 70 (Iowa 1992) (appellant entitled to attorney fees because the attorney fee language in the note did not prohibit such fees). Such an application must be filed with this court within ten days of the filing of this opinion. We retain jurisdiction on this matter.

The costs of this appeal are taxed one-half to 3 S Inc. and one-half to Brown.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**