**GOLDEN CIRCLE AIR, INC., and Robert J. Ellefson, d/b/a, Lite Aircraft Des Moines, Appellees,**

v.

**Chris S. SPERRY, Appellant.**

**No. 94–0269.**

Court of Appeals of Iowa.

Dec. 22, 1995.

Dale Peddicord of Peddicord, Wharton, Thune & Spencer, Des Moines, and Dennis J.C. Owens of Brown & James, P.C., Kansas City, Missouri, of counsel, for appellant.

Steven Verne Lawyer of Lawyer, Lawyer & Associates, Des Moines, for appellees.

Considered by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

Golden Circle Air, Inc., is an Iowa corporation which manufactures ultra-light and experimental aircraft in Adel. Golden Circle is owned by Robert Ellefson. Ellefson also operates under the trade name of Lite Aircraft Des Moines, located in Grimes. Lite Aircraft engages in the repair and maintenance of ultra-light aircraft.

Chris Sperry, who lives in Independence, Missouri, owned a 1984 Tierra II, which is an ultra-light aircraft. In 1991, the aircraft was damaged in a windstorm. Sperry brought his aircraft to Lite Aircraft to be repaired. Sperry told Ellefson not to touch the engine.

Ellefson repaired the structural damage to the airplane, and installed a new starter, radiator, battery, gas tank, and floats.

On November 21, 1991, Sperry returned to Lite Aircraft to retrieve the airplane. He stated he planned to fly it back to Missouri. Ellefson told him he did not recommend flying the airplane because of the condition of the engine. Ellefson put the following disclaimer on the bill:

NOTE TO CUSTOMER: GOLDEN CIRCLE AIR, INC. DOES NOT RECOMMEND FLYING THIS TIERRA II FROM RACCOON VALLEY FLYING SERVICE TO THE CUSTOMERS HOME IN INDEPENDENCE, MO. THE DECISION TO DO SO IS MADE SOLELY BY THE CUSTOMER.

Sperry paid his final bill of $2,400 with a check. Ellefson refueled the airplane, and Sperry started flying the airplane back to Missouri.

Approximately forty-five minutes into the flight, the engine suddenly quit. Sperry glided the airplane into some trees next to the interstate near Osceola. He attempted to lower the plane by acquiring the services of a tree trimming company, but their efforts failed when the ropes tied to the craft broke and the airplane fell to the ground, destroying it. After the craft was dismantled, Ellefson hauled it back to Grimes. The next day, Sperry stopped payment on the $2,400 check to Golden Circle.

On January 30, 1992, Golden Circle filed a small claims action against Sperry, seeking to have Sperry make good on the check for $2,400. Also, Ellefson filed a small claims action in which he sought $2,000 for the pickup, dismantling, and storage of Sperry's aircraft.

Sperry filed a counterclaim against Golden Circle and Lite Aircraft, alleging breach of contract, negligence, strict liability, and fraud. Sperry claimed his airplane had been improperly repaired, and this had caused the engine to quit. He also claimed there had been water in the fuel which Ellefson had placed in his airplane.

On Sperry's motion, the case was transferred to district court. The court permitted Golden Circle and Ellefson, doing business as Lite Aircraft, to file a substituted petition. In this petition, Golden Circle alleged breach of contract and fraud against Sperry, based on the dishonored check. Golden Circle requested attorney fees pursuant to Iowa Code section 625.22 (1991). Ellefson alleged breach of implied contract and unjust enrichment. These claims were based on Ellefson's services in disassembling and transporting the airplane.

On April 27, 1992, plaintiffs served interrogatories on Sperry, which included a request for the name of any experts Sperry intended to call, and the substance of the facts and opinions on which the expert was expected to testify. The case was continued several times due to Sperry's change of counsel. On August 13, 1993, the parties received notice the case would be dismissed under Iowa Rule of Civil Procedure 215.1, if not tried prior to January 1, 1994. On August 19, 1993, Sperry designated Paul J. Hermann, a professor, as his expert.

On August 22, 1993, plaintiffs' counsel sent Sperry a letter requesting an immediate response to the previously posed interrogatories so that counsel could prepare for Hermann's deposition. Plaintiffs' counsel also requested dates on which Hermann could be deposed. Several weeks later, plaintiffs' counsel sent Sperry a fax requesting that he respond to the expert interrogatories. Sperry did not supplement his answers to interrogatories.

On September 23, 1993, Sperry filed a new motion for continuance. Plaintiffs resisted the motion. During a telephone hearing on the motion, plaintiffs orally motioned for the court to exclude the testimony of Sperry's expert. The court denied Sperry's request for a continuance. The court granted the motion to exclude Hermann's testimony due to defendant's failure to supplement interrogatories as required by rule 125(c). The court found Sperry failed to provide plaintiffs with the expert's qualifications or his opinions.

Prior to trial, plaintiffs filed a motion in limine seeking to prevent defendant from presenting Hermann's opinions. The district court agreed that Hermann would not be

allowed to testify and his written opinion would not be admitted into evidence. The case then proceeded to trial before a jury. The jury awarded Golden Circle $2,400 on its claim of breach of contract and awarded Ellefson $50 on his claim of breach of implied contract. The jury found against Sperry on his claim Golden Circle was at fault for the damages to his aircraft.

Plaintiffs filed an application for an order taxing attorney fees as costs. Under section 625.22, a party is entitled to attorney's fees in an action to recover payment on a dishonored check. The district court awarded plaintiffs $6,012 in attorney fees. Sperry filed a motion for new trial, and this motion was denied by the district court. Sperry then appealed.

**I.** Plaintiffs claim Sperry's appeal is not timely, and thus, we do not have jurisdiction to consider the appeal. The jury rendered its verdict on October 15, 1993. However, the court did not file the jury verdict forms until October 19, 1993. Defendant filed his motion for new trial on October 29, 1993. Plaintiffs claim that because defendant did not file his motion for new trial within ten days after the jury rendered its verdict, his motion was untimely. An untimely motion for new trial does not extend the time for filing a notice of appeal. *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 110 (Iowa 1981). Under the facts here, defendant's notice of appeal would be untimely if his motion for new trial is found to be untimely.

Previously, the timeliness of a motion for new trial was to be judged by the date the jury rendered its verdict. *See Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978). However, in the recent case of *Milks v. Iowa Oto–Head & Neck Specialists, P.C.*, 519 N.W.2d 801 (Iowa 1994), the supreme court reconsidered this rule. The court noted that when the verdict is filed it is dated, and this is more reliable than parol evidence that the jury physically rendered the verdict. *Id.* at 804. The court concluded that the time for filing a motion for new trial commences upon the filing of the jury's verdict with the clerk of court. *Id.* at 805.

Plaintiffs ask us to limit *Milks* to circumstances in which there is no official record or notation of when the verdict was filed. We do not think the holding in *Milks* should be so limited, because there counsel for both parties had notice of the verdict on the date it was rendered. *Id.* at 804. The supreme court stated:

> It therefore may seem appropriate to conclude that the time for plaintiff to file a motion for new trial commenced at that point. However, we decline to so conclude.

*Id.* Thus, the supreme court has already rejected the argument plaintiffs raise in this case.

We conclude the rule in *Milks* should be applied to the present case. Therefore, the time for filing a motion for new trial would be calculated from the date the verdict forms were filed. We find defendant's motion for new trial was timely, and we have jurisdiction to consider the case.

**II.** Sperry contends the district court abused its discretion in excluding the opinion and testimony of his expert witness on the ground that he did not supplement discovery pursuant to rule 125(c). He states Hermann did not complete his report until October 9, 1993, and he shared the information with opposing counsel as soon as practicable. He states he was prejudiced by the court's decision because he needed an expert to describe the complicated workings of an airplane.

The purpose of rule 125 is to avoid surprise to the litigants and allow the parties to formulate their positions on as much evidence as is available. *Kilker v. Mulry*, 437 N.W.2d 1, 4 (Iowa App.1988). The failure of a party to comply with a discovery order or discovery rules may result in the imposition of sanctions. *Id.* Rule 125 provides that if the identity of an expert witness is not disclosed in the manner described, the court in its discretion may exclude the testimony of such expert. *Id.*

We will not disturb a district court's decision under rule 125(c) unless the court abused its discretion. *Preferred Marketing Associates Co. v. Hawkeye Nat. Life Ins. Co.*, 452 N.W.2d 389, 393 (Iowa 1990).

We find an abuse of discretion only when discretion is exercised on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

We first question whether defendant preserved error on this question because there was no offer of proof. *See Williams v. Dubuque Racing Association,* 445 N.W.2d 393, 394 (Iowa App.1989); *Wernimont v. International Harvestor Corp.,* 309 N.W.2d 137, 143 (Iowa App.1981). Nonetheless, we will address the issue on the merits.

We find no abuse of discretion in the district court's decision to exclude Hermann's testimony. Rule 125(c) requires a party to supplement answers to discovery directed to the opinions held by an expert, no less than thirty days prior to the commencement of trial. The record shows defendant never supplemented his answers to interrogatories, despite repeated requests by plaintiffs that he do so. Noncompliance with discovery rules and discovery orders should not be tolerated. *Preferred Marketing,* 452 N.W.2d at 393. We affirm the decision to exclude Hermann's opinion and testimony.

■ **III.** Defendant claims the district court erred in awarding attorney fees to plaintiffs pursuant to section 625.22. He contends the majority of the attorney fees in this case were incurred defending the negligence action, and not pursuing payment on a dishonored check. He also claims he reasonably believed plaintiffs were responsible for the damages to his airplane, and he properly stopped payment on the check.

■ Iowa district courts have considerable discretion in awarding attorney fees under a statute. *3 S Inc. Co. v. Zarek,* 504 N.W.2d 153, 156 (Iowa App.1993). Matters to be considered by the court in fixing fees include the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibly assumed, and the results obtained. *Id.* at 157.

In the present case, we find the district court awarded attorney fees only for the time spent pursuing payment of the dishonored check. Because defendant claimed he was not responsible for the debt to Golden Circle, plaintiffs' attorney was required to spend time refuting this defense in order to pursue payment of the check. We find no abuse of discretion in the award of trial attorney fees.

We affirm the decision of the district court on all issues presented in this appeal. Costs of this appeal are assessed to defendant.

**AFFIRMED.**