# IN THE COURT OF APPEALS OF IOWA

No. 19-0043
Filed April 1, 2020

IN RE THE MARRIAGE OF DONNA SULLINS
AND RAY SULLINS

Upon the Petition of
**DONNA SULLINS,**
        Petitioner-Appellee,

**And Concerning**
**RAY SULLINS,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


Ray Sullins appeals the district court's order granting Donna Sullins' pre-answer motion to dismiss his petition to vacate a district court order denying his motion for new trial. **AFFIRMED.**


Ray Sullins, West Des Moines, self-represented appellant.

Jaclyn M. Zimmerman of Miller, Zimmerman & Evans, P.L.C., Des Moines, for appellee.


Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

The dissolution of Ray and Donna Sullins' marriage spawned two appeals. *See In re Marriage of Sullins*, 715 N.W.2d 242, 250 (Iowa 2006); *In re Marriage of Sullins*, No. 14-1153, 2015 WL 4935620, at *3–4 (Iowa Ct. App. Aug. 19, 2015). This is the third, which while purporting to raise new issues, is an attack on prior rulings of the district court.

Those prior rulings date back to mid-2017. At that time, Donna moved for entry of a qualified domestic relations order (QDRO) to implement the supreme court's 2006 opinion. Ray filed a resistance. Following a hearing at which Ray failed to appear, the district court entered a QDRO.

Ray filed a motion stating he was "incapacitated" on the day of the hearing and wished to have the hearing rescheduled. The district court rescheduled the hearing, but meanwhile, Ray moved for a new trial, alleging the district court was without jurisdiction to enter the QDRO and the QDRO contained mistakes of fact and errors of law. Following the rescheduled hearing, the district court denied "all of [Ray's] motions filed on and after" entry of the QDRO. The court also ordered Ray to sign or present documents effectuating the QDRO.

Ray and Donna stipulated to entry of an amended QDRO, which they acknowledged was "the final necessary instrument required to divide" the accounts referenced in the supreme court's 2006 opinion. The stipulation was approved by the district court.

Notwithstanding the stipulation, Ray filed another new trial motion. Donna resisted, citing the stipulation. Before a hearing on the motion, Ray filed a motion to disqualify the judge. On September 8, 2017, the district court denied the motion

to disqualify and denied the new trial motion in its entirety.  The court further stated, "All of the court's prior orders are affirmed and ratified."

Ray filed a petition for writ of certiorari with the Iowa Supreme Court, seeking review of the September 8, 2017 order.  The supreme court denied the petition.

One year after the September 8, 2017 order was filed, Ray moved to vacate the order.  He alleged "irregularit[ies]" of the court, including the court's failure to disqualify itself.  Donna filed a motion to dismiss.  Following a hearing, the district court granted the dismissal motion.

On appeal, Ray contends the district court "committed plain error in insisting that it is only the conduct of a lawyer, and not a judge, that serves as the basis for a finding of 'irregularity' under [Iowa Rule of Civil Procedure] 1.1012(2)" and "the general standard of judicial self-recusation, which should have been applied in this case, is whether a reasonable person might question the impartiality of the judge."

Donna preliminarily responds that the petition to vacate was not "filed *and* served" within the one-year deadline set forth in Iowa Rule of Civil Procedure 1.1013.  *See* Iowa R. Civ. P. 1.1013(1) (stating a rule 1.1012 petition "must be filed and served in the original action within one year after the entry of the judgment or order involved").  She acknowledges Iowa Code section 4.1(34) (2018) authorizes extensions of filing deadlines that fall on weekends and she essentially acknowledges the deadline in this case fell on a Saturday, extending Ray's time to file his petition until the following Monday—September 10, 2018.  But she argues "while Iowa Code [section] 4.1(34) extended Raymond's deadline to file his petition to vacate, it [did] not relieve Raymond of his obligation under Iowa R. Civ. P. 1.1012

and 1.1013 to also serve the petition to vacate within one year after the entry of the judgment or order involved."

This court has applied section 4.1(34) to service deadlines as well as filing deadlines. *See Hoover v. Reed*, No. 18-1706, 2019 WL 3316199, at *1 n.1 (Iowa Ct. App. July 24, 2019); *In re Estate of Mrla*, No. 18-1067, 2019 WL 1933999, at *2 n.3 (Iowa Ct. App. May 1, 2019); *Dierks v. Vatsavayi*, No. 11-1152, 2012 WL 837275, at *1 n.1 (Iowa Ct. App. Mar. 14, 2012). Donna conceded the petition "was filed on September 10, 2018 and was immediately served upon [her] on the same date." We conclude the petition was timely filed and served.

Donna next responds to Ray's appeal by asserting that, although his petition putatively sought to vacate the district court's September 8, 2017 order, it actually was a challenge to the underlying QDRO, filed in 2017. She asserts, "All of the[] alleged irregularities" alleged by Ray "occurred in the . . . 2017 hearings and orders, which Raymond unsuccessfully has sought to challenge on numerous occasions; both at the district court level and on appeal." We agree.

Ray's petition to vacate was an impermissible collateral attack on the September 8, 2017 order and on other orders of the court. *See Schott v. Schott*, 744 N.W.2d 85, 88 (Iowa 2008) ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter."); *Gail v. W. Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review."); *Countryman v. McMains*, 381 N.W.2d 638, 640 (Iowa 1986) (concluding a new trial

motion raising allegations of misconduct constituted "a collateral attack on the court's refusal to grant . . . continuances."). As the district court stated, Ray "effectively appealed" the September 8, 2017 order and "[t]hat appeal was effectively denied." Dismissal was warranted on this ground.

Ray also was judicially estopped from challenging the amended QDRO to which he stipulated. *See Kinseth v. Weil-McLain*, 913 N.W.2d 55, 74 (Iowa 2018) ("It is a 'well-settled principle' that a 'party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party.'" (citation omitted)); *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573 (Iowa 2006) (stating "[t]he doctrine [of judicial estoppel] 'prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding'" and stating the doctrine "may properly be raised by courts, even at the appellate stage, on their own motion" (citation omitted)). As Donna's attorney noted during the hearing before the district court, "[t]hat stipulation related to every issue then pending between these parties" and "[t]he stipulation was approved" by the district court. Dismissal was warranted on the basis of judicial estoppel.

Donna seeks an award of $6425 in appellate attorney fees. An award rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). We order Ray to pay Donna $2000 toward her appellate attorney-fee obligation.

**AFFIRMED.**